WARD *et. al. vs.* FELLERS *et. al.*

Where the defendant having a demand against the plaintiff springing out of the same contract or transaction upon which the suit is brought, elects to use his claim by way of recoupment, he can only set it up in abatement, and cannot go beyond that as in set off, and have a balance certified in his favor.

But whether the defendant having elected to recoupe his damages instead of resorting to his cross action, would be barred from recovering any excess or further damages in a further action; *quere.*

The defence of recoupment is distinguishable from that of set off in the following particulars:

1st. In being confined to matters arising out of, and connected with the transaction or contract upon which the suit is brought.

2d. In having no regard as to whether such matters are liquidated or unliquidated.

3d. That the judgment is not the subject of statutory regulations, but controlled by the rules of the common law.

Case reserved from Wayne Circuit.

This was an action of assumpsit originally brought in a Justice's Court, and upon appeal, tried in the Circuit Court for the County of Wayne. The plaintiffs claimed to recover as common carriers for freight and charges for the transportation of eight packages of merchandize, against which the defendants set up a claim by way of *recoupment* against the plaintiffs for damages done to the goods while in the plaintiffs' possesion.

The cause was tried by jury and a special verdict found, "That the defendants are indebted to the plaintiffs in the sum of $34 94 for the freight and transportation of goods, and interest thereon; that in transporting said goods the defendants suffered damage by the default of the plaintiffs, who were common carriers, to and upon the goods so transported to the amount of $125 6-20, interest, &c." Upen this verdict a motion was made by the defendants' counsel for judgment on the verdict in their favor, and the opinion of this Court was asked " whether the defendants were entitled to judgment against the plaintiffs for the excess of their damages as found in the special verdict over the amount of the freight earned by the plaintiffs?"

*Lothrop & Duffield,* for plaintiffs.

The defendant cannot recoupe the amount of their damages

in this form of action, but must resort to a separate action. (*Davidson* vs. *Gwynne*, 12 *East*. 381; *Shields* vs. *Davis*, 4 *Campb*. 119; 6 *Taunt*. 65.)

The doctrine of *recoupment* is an encroachment of equitable principles upon the more rigid ones of the common law; and the only ground upon which it is permitted, is to prevent multiplicity of suits and circuity of action.

It is essential to this right that the party seeking to recoupe damages, should claim them for a violation of the same contract on which he is sued.

If the contract is entirely distinct and independent of the one on which the suit is brought, this right cannot be exercised. (*Batterman* vs. *Pierce*, 3 *Hill*, 171.)

In cases where a party has elected to recoupe, he can only set up his claim of damages in abatement, and cannot go beyond that, as in set-off, and have a balance certified in his favor. (3 *Hill*, 171.)

Nor can he, after having elected to recoupe, and thus procured the allowance of part of his claim, maintain a cross action for the remainder. (*Batton* vs. *Turner*, 6 *N. H.* 481; 3 *Hill*, 171.)

*C. I. & E. C. Walker*, for defendants.

If this question was to be settled by the good sense of the thing, or by general principles of justice and equity, uncontrolled by the force of arbitrary rules and precedents, there could be no doubt as to the result. It could be at once said, let the whole matter be settled in one suit; let the litigation, the controversy, and the bootless accumulation of costs, cease.

We admit that acknowledged legal principles, and adjudicated cases, authorize the same result.

It was originally held in England, that in an action for service under a contract, or even on the *quantum meruit*, or for the sale of chattels when there was a warranty, the defendant could claim no deduction from the contract price,

or diminution of damages in consequence of the negligence or want of skill in the performance of the services, or a breach of the warranty, but he must resort to his cross action. (*Brown* vs. *Davis, cited,* 7 *East.* 480; *Comac* vs. *Gillis, Id.* 481.) But that rule has been greatly relaxed, and one more convenient and just adopted. In that class of actions, the defendant is now permitted to show how much less the subject matter of the action is diminished in value, by the violation of the contract, the negligence, want of skill, or the breach of the warranty, and to that extent diminish the plaintiff's claim. (*Burton* vs. *Butler,* 7 *East.* 480; *Moredon* vs. *Steele,* 8 *Mees & Wels.* 858; *Allen* vs. *Cameron,* 1 *Cromp. & Mees,* 832.) This is not in the nature of set off or cross action, but simply a diminution of the plaintiffs' claim.

To this extent all the American authorities go. (*Runyan* vs. *Nichols,* 11 *J. R.* 547; *Grant* vs. *Button,* 14 *Id.* 377; *Dodge* vs. *Tileson,* 12 *Pick.* 330; *Harrison* vs. *Stratton,* 22 *Id.* 512; *Withers* vs. *Green,* 9 *How.* 231.) Under the principles settled in these cases, the plaintiffs could not recover in this action, for the claim for freight is more than counterbalanced by the injury sustained by the defendants, and *that* injury was caused by the negligence of the plaintiffs, in rendering the service of affreightment for which the claim is made. (*Bertram* vs. *McKee,* 1 *Watts,* 39; *Humphrey* vs. *Reed,* 6 *Whart.* 442.)

Under these decisions, and upon the principles established in them, we perhaps could only defeat the plaintiffs' claim, and resort to a cross action to recover the balance. (*Moredon* vs. *Steele,* 8 *M. & W.* 858.)

But under the doctrine of recoupment, we claim that this whole controversy should be settled in this action; the two claims be made to compensate each other, and a judgment given for the balance.

This is not a set-off, for it may be for unliquidated damages, and is confined to matters arising out of the same contract or transaction.

It is not *merely* a diminution of damages, under the English rule, for the claims are or may be cross, or counter claims, which might well otherwise be the subject of a cross action.

This is allowed to avoid circuity of action, and because it is calculated to do final and complete justice between the parties, most expeditiously and least expensively.

The history of the full development of this doctrine, is best given by a reference to the cases. (*McAllister* vs. *Reab*, 4 *Wend.* 483; 8 *Ib.* 113; *Still* vs. *Hall*, 20 *Ib.* 51; *Ives* vs. *Van Epps*, 22 *Ib.* 155; *Westlake* vs. *DeGraw*, 25 *Ib.* 669; *Batterman* vs. *Pierce*, 3 *Hill*, 174; *Sedgwick on Dam.* 460, 461, 462, 486.)

The case of McAllister *vs.* Reab, seems to have been approved. (*Harrington* vs. *Stratton*, 22 *Pick.* 513.)

It is true that in none of these cases has a judgment been given for a balance in favor of the defendant, and for a very good reason,—none presented any such question.

But the *principle* clearly recognized in the cases, fully sanctions such a result. The purpose is, in *one suit* to adjust *cross claims* arising out of the same contract or transaction, and to give a judgment for the balance, and thus avoid the necessity of two suits.

That this might be done, was taken for granted by counsel, in a late case; but the Court had no occasion to act upon it, as the case was decided on other grounds. (*Deming* vs. *Kemp*, 4 *Sand. S. C.* 147.)

By the Court, MARTIN, J.

At the common law, a defendant was in no instance allowed to recover a judgment for damages for a positive claim against a plaintiff. To obviate the rigor of this rule of law, and as well to avoid a multiplicity of actions as to enable parties where there were mutual cross demands unconnected with each other, and arising upon contract express or impli-

ed, which are liquidated or capable of being ascertained by calculation, and not resting in opinion only, to have the whole adjudicated upon in one action, the statutes of set-off were enacted. Hence, set-off is the compensation of one debt or demand for another, by virtue of which damages are recovered by the party in whose favor a balance shall be found, and the judgment is statutory. But at the common law before the adoption of the statutes of set-off, the defendant was entitled to show that the plaintiff had not sustained damages to the extent alleged, and thus to reduce, or altogether defeat, the plaintiff's recovery. This right of the defendant was, however, in the earlier period of the law, of very limited application, and could only be resorted to when the defendant insisted upon a deduction from the plaintiff's demand arising from payment in part or in whole, or former recovery, or some analogous fact. See Sedg. on Dam's, 2 ed. ch. 17. It was denominated *recoupment,* and is defined by Jacobs, and by Cunningham, (*Law Dic., Title Recoupe,*) to be "the keeping back and stopping something which is due, and in our law we use it for to defalk or discount, as if a person hath a rent of ten pounds out of certain lands, and he disseises the tenant of the land in an assise brought by the disseisee, if he recovers the land and damages, the disseisee shall recoupe the rent due in the damages. So of a rent charge issuing out of lands paid by the said tenant to another, &c., he may recoupe the same. And an inn-keeper may keep back and detain his guest's horse, &c., 'till he pay for his entertaiment; but a man that receives another's cattle to pasture, it is said, may not do so, unless it be agreed at the first." By this definition we can perceive within what very narrow limits this doctrine was originally restricted, and how closely the idea of retention or keeping back was involved in it. It is evident, says Mr. Sedgwick, (see Sedg. on Dam's, 2 ed. 431,) that *recoupe,* or *recoupment,* in its original sense, was a mere right of deduction from the amount of

the plaintiff's recovery, on the ground that his damages were not really as high as alleged." This was allowed to avoid circuity of action, and was only permissible when the subject matter of reduction sprang immediately from the claim relied upon by the plaintiff. This defence is contradistinguishable from set-off in these three essential particulars. 1st. In being confined to matters arising out of, and connected with the transaction or contract upon which the suit is brought. 2d. In having no regard to whether or not such matters be liquidated or unliquidated. (*Wheat* vs. *Dotson*, 7 *Ark. R.* 699.) And 3d. That the judgment is not the subject of statutory regulation, but controlled by the rule of the common law.

This remedy was, in the earlier periods of the law, of very limited application, and it is said, it is in cases where fraud entered into, but did not equitably go to the entire prevention of a recovery by the plaintiff, that we find the first cases of the defence in question in the common law Courts of England. Whether this be strictly true or not, it is certain that so much uncertainty involved the remedy, and it was so trammeled by the technical rules of the law, that it was but little use—the defendant preferring his cross action or the relief afforded by equity—and the term itself became obsolete. Yet the principle was always retained under the form of a diminution of damages, upon the equitable ground of avoiding circuity of actions, and we constantly encounter it in the books, and most frequently involved in a question as to the sufficiency of pleadings. But within a few years not only has the term been revived, but the doctrine has also, and as the rigid rules of the common law Courts have yielded to the influence of social progress, and the expansion of the commercial relations of society and the new developments of trade, common justice as well as common sense and convenience have adapted it to prevent wants, infused into it new vigor, and rendered it a valuable remedy in the administration of

justice, as at present understood and administered. In all ca-
ses where the demands of both parties spring out of the same
contract or transaction, the defendant may *recoupe*, although
the damages on both sides are unliquidated. See Bateman
*vs.* Pierce, 3 Hill. 172. " It was formerly," says Bronson,
J., in Bateman *vs.* Pierce, " supposed that there could only
be a recoupment where some fraud was imputable to the
plaintiff in relation to the contract on which the action was
founded; but it is now well settled that the doctrine is also
applicable when the defendant imputes no fraud, and only
complains that there has been a breach of the contract on the
part of the plaintiff. As now generally administered in this
country, it opens up the entire contract or transaction, so far
as necessary to determine the plaintiff's right to damages,
and the amount, and the defendant's cross claims." See 15
Mass. 389; Story on Bail. § 315; Ib. § 349; 20 Wend. 51,
269; 3 Metc. 9; 14 Pick. 359; 6 Mass. 20; 3 Dana, 489;
20 Conn. 204; 1 Scam. 403; Stone *vs.* Yarwood in Sup. Ct.
of Ill., cited in Monthly Law Rep. 456; and cases here-
after cited. In the language of the Court in Stone *vs.* Yar-
wood, " this doctrine of recoupment tends to promote justice
and to prevent needless litigation. It avoids circuity of ac-
tion and multiplicity of suits. It adjusts by one action ad-
verse claims growing out of the same subject matter. Such
claims can generally be much better settled in one proceed-
ing than in several. It is not necessary that the opposing
claims should be of the same character. A claim originating
in contract may be set up against one originating in tort. It
is sufficient that the counter claims arise out of the same sub-
ject matter, and that they are susceptible of adjustment in
one action." See also McAllister *vs.* Reab, 4 Wend. 482; 8
Ib. 109.

But while it is said that by the application of the doctrine
of *recoupment*, circuity is avoided, and the rights of parties
adjusted in one and the same suit, it must be understood that

such adjustment is only by way of abatement or reduction, and that no other judgment can be rendered than such as is authorized by the rules of the common law. This necessarily follows from what has already been said, and a reference to a few of the many authorities which might be cited upon this subject will show that such is the universally received doctrine. In Stone *vs.* Yarwood, *ubi supra*, it is said "the defendant's claim is deducted from that of the plaintiff, and the latter recovers the excess only. The defendant is not allowed to recover any balance. He uses his demand in mitigation of damages only. He may *recoupe* to the extent of the plaintiff's damages, but he cannot, as in the case of a set-off, recover any excess in his favor." In Bateman *vs.* Pierce, *ubi supra*, the Court say, "for the purpose of avoiding circuity or multiplication of actions, and doing complete justice to both parties, they are allowed and compelled, if the defendant so elects, to adjust all their claims growing out of the same contract in one action." And in a subsequent portion of the same opinion, this language is explained and qualified as follows: "The defendant has the election whether he will set up his claim in answer to the plaintiff's demand, or resort to a cross action; and whatever may be the amount of his damages, he can only set them up by way of abatement, either in whole or in part of the plantiff's demand. He cannot, as in the case of a set-off, go beyond that, and have a balance certified in his favor." In Still *vs.* Hale, (20 *Wend.* 51,) which was an application to set aside the report of referees, the action was assumpsit to recover a balance due the plaintiff as master of a sloop belonging to the defendant, and used in navigating the Hudson river. The defendant sought to prove, in bar of a recovery, or in reduction of the plaintiff's claim, that in violation of his order, the plaintiff, at the close of navigation, laid up the sloop at a particular landing in the river, and by so doing was guilty of such negligence that the sloop was run into and sunk by the ice. This evidence was

37

rejected by the referees, and the Court (*Cowen, J.*) say, "We think the defence offered was admissible. It was not presented as a matter of set-off arising in an independent contract, but by way of recoupment of the plaintiff's damages, by reason, that he himself has not complied with his cross obligations arising under the same contract. The law implies an obligation on his side as parcel of the contract in question, to exercise ordinary care in the defendant's service; and damages for not fulfilling that obligation are properly admissible in abatement," &c.

Ives *vs.* Van Eppes (22 *Wend.* 155) was action of covenant on a sealed agreement by which the plaintiff contracted to complete a certain wall in a good, sufficient, and workmanlike manner, &c. Before the referees the defendant proposed to inquire into the character of the work done under the contract, in order to prove that it was of a quality inferior to what the contract required. This was not permitted, and a motion was made to set aside the report of the referees for that reason; the Court say "The offer came under the same category, *recoupment*. *Recoupe* is synonymous with defalk or discount. It is keeping back something which is due, because there is an equitable reason to withhold it; and is now uniformly applied where a man brings an action for breach of contract between him and the defendant, and the latter can show that some stipulation in the same contract was made by the plaintiff which he has violated; the defendant may if he choose, instead of suing in his turn, recoupe his damages arising from the breach committed by the plaintiff, whether they be liquidated or not. The law will cut off so much of the plaintiff's claim as the cross damages may come to." In Nichols *vs.* Dusenbury, (2 *Comst.* 283, 286,) Bronson, J. says of recoupment, "It is in the nature of a cross action. The right of the plaintiff to sue is admitted, but the defendant says he has been injured by a breach of another branch of the same contract on which the action is founded, and he claims

to stop, cut off or keep back so much of the plaintiff's damages as will satisfy the damages which have been sustained by the defendant." (*See also Hinsdale* vs. *Weed*, 5 *Denio*, 172; *Toml. L. D., Recoupe; Wheat* vs. *Dotson, ubi supra.*)

It appears from these, and indeed, from all the authorities, as well as from principle, that the force of the remedy by recoupment is spent in the discount or abatement of the plaintiff's claim, either partially or wholly, as the case may be. The defendant has his election to pursue this remedy, and thus save the expense and delay of his cross action, or he may maintain such action for the default or failure of the plaintiff, and for his damages, as may best subserve his interests. The defence then not being compulsory, but one of choice, the defendant can hardly urge with propriety that a hardship is imposed upon him by denying him a judgment for his excess of damages, when such is found to exist.

It was suggested upon the argument, that if the defendant should choose to recoupe his damages, instead of resorting to a cross action, he would be barred from recovering any excess or further damages in a second action, by reason of the former adjudication, and from this was argued the hardship of the rule, denying him a judgment in this case. This suggestion, if well founded, can have little force in opposition to settled rules of law, for the defence is at the defendant's option. But I no where find it adjudged that such would be the result. It is true that in Britton *vs.* Turner, (6 *N. H.* 481,) Parker, J., says, "there may be instances, however, where the damage occasioned is much greater than the value of the labor performed, and if the party elects to permit himself to be charged for the value of the labor, without interposing the damages in defence, he is entitled so to do, and may have an action to recover his damages for the nonperformance, whatever they may be; and he may commence such action at any time after the contract is broken, notwithstanding no suit has been instituted against him, but if he elects

to have the damages considered in the action against him, he must be understood as conceding that they are not to be extended beyond the amount of what he has recovered, and he cannot afterwards sustain an action for further damages."

In Fabricatte *vs.* Lannitz, (3 *Sand. S. C. R.* 744,) this suggestion of Judge Parker, that the defendant cannot sustain an action for further damages, is approbated. But in neither case was the question before the Court, and the suggestions are only important as shewing the universality of the doctrine that the defendant, by recoupment can only *reduce* the plaintiff's damages, and takes nothing in that action for his excess of damages.

But in Mendell *vs.* Steel, (8 *M. & W.* 854,) this question of the right to maintain an action for further damages was before the Court, and Parke, B., after discussing to some extent the origin and present extent and application of this doctrine of diminution or reduction of damages by the defendant, uses this language: " It must, however, be considered that in all cases of goods sold and delivered with a warranty, and work and labor, as well as the case of goods agreed to be supplied according to a contract, the rule which is found so convenient, is established; and that it is competent for the defendant in all of those, not to set-off by a proceeding in the nature of a cross action, the amount of damages which he has sustained by a breach of the contract, but simply to defend himself, by showing how much less the subject matter of the action was worth by reason of the breach of contract, and to the extent that he obtains, or is capable of obtaining, an abatement of price on that account, he must be considered as having received satisfaction for the breach of contract, and is precluded from recovering in another action, but no more. All the plaintiff could by law be allowed in diminution of damages on the former trial, was a deduction from the agreed price, according to the difference at the time of delivery between the ship as she was, and what she ought to have been,

according to the contract; but all claims for damages beyond that, on account of the subsequent necessity for more extensive repairs, could not have been allowed in the former action, and may now be recovered.    Although this authority does not cover the entire question suggested by the defendants' counsel, it shows that the judgment in the former action is not considered as necessarily a complete and final adjudication of the whole subject matter of the defendants' injury, in all cases.    Nor is there any hardship in the rule that when the defendants' claim for damages is complete at the time he seeks to recoupe them, he shall be considered as waiving all of such claim against the plaintiff, except so much as will defeat the recovery.    The defence by recoupment is voluntary. The remedy by cross action always subsists, and the defendant is presumed to know the extent of the loss and injury he has sustained.    With both remedies before him, the exercise of an option, when the consequences are known and can be provided against, can never be regarded as imposing a hardship.    If then, the defendant at *his* election, can compel the whole matter to be adjudicated in one action, it can do no great injustice to say, that by such choice he concedes that he has no claim for damages, beyond those of the plaintiff, and that he is content to defeat the plaintiffs' recovery.

It was also urged at the bar, that " if the question were to be settled by the good sense of the thing, or by general principles of justice and equity, uncontrolled by the force of arbitrary rules and precedents, there could be no doubt as to the result.    It would be at once said, let the whole matter be settled in one suit; let the litigation, the controversy, and the bootless accumulation of costs cease;" and it is insisted that acknowledged principles and adjudicated cases authorize this result.    If the rule should be found to be, that a defendant, by an election to recoupe his damages, shall be deemed to have waived all claim to further damages than are necessary to defeat the plaintiff's recovery, still, unless it can

be shown that a party has no right to remit damages, but is compelled to insist upon the pound of flesh, we cannot see wherein good sense, or the general principles of justice and equity are violated. By his election of a remedy by which he is held to such remission, the whole matter would be thereby settled, and the litigation and bootless accumulation of costs would cease. If, on the contrary, the opposite should be found to be the rule, the remedy by cross action would still remain, unless, indeed, we are asked to abrogate the common law; and an action for the excess of damages or for further damages, would in no degree increase litigation or accumulate costs. But the adjudicated cases we have been unable to find; and acknowledged principles lead to quite the contrary result from that contended for. It is true, that the law abhors a multiplicity of actions, and seeks to adjust all differences arising out of the same cause of action in one suit. But the aid of statutory enactments was required to effectuate this purpose to a very great extent, and the authorities, as well as principles of law which authorize a resort to this mode of defence, allow it only to defeat the plaintiff's recovery, subservient to the universal rule of the common law before adverted to, that a defendant can in no case have a judgment for a positive claim against the plaintiff in the action. That such a rule as is contended for by the counsel for the defendants, would be equitable, and would operate beneficially, may be conceded, but this is an argument to be addressed to the law-making, rather than the law-administering power. Were courts of justice to change or administer the law to suit their ideas of good sense and of the general principles of justice and equity, regardless of well recognized and firmly established principles of jurisprudence, much greater injustice and inequity would be done than by a firm adherence to well settled rules of law, even though occasional hardship might result to suitors.

The strong resemblance, and to some extent, analogy, be-

tween the doctrine of set-off, and of recoupment as now administered in this country, furnishes a plausible reason for the position assumed by the defendant's counsel, and indeed naturally suggests it. But the statutes of set-off being in derogation of the common law cannot be made applicable to analagous remedies.

The instances and extent to which this right of recoupment may be exercised by the defendant, is to a considerable degree yet unsettled. In some of the States the remedy has been so liberally extended, that it is regarded as in the nature of a cross action under which nearly or quite all claims which might be made the subject of cross actions may be recouped, while in others, and in England, it is confined within much narrower limits. In this Court the question of its application has never arisen, nor is it before us in this case. We have only endeavored to establish the proposition that the defendant by availing himself of the right to recoupe, does not entitle himself to a judgment for an excess of damages, if one be found to exist in his favor, and that such is the universal rule.

It must be certified to the Circuit Court for the County of Wayne as the opinion of this Court, that the defendants are not entitled to judgment against the plaintiffs for the excess of their damages, as found by the special verdict over the amount of the freight earned by the plaiutiffs.