THE IRON CLIFFS COMPANY v. PETER GINGRASS.

*Offset of mutual claims under one contract—Payment.*

A labor contract also bound the employer to rent certain premises
to the employee, and provided for monthly settlements of wages
and rent.    *Held* that in a suit for wages due, the amount of
rent due might be proved as payment.

Error to Marquette. Submitted Oct. 16. Decided Oct. 28.

ASSUMPSIT.    Defendant brings error.

*W. P. Healy* for plaintiff in error.    Where the par-
ties to a suit on a contract have claims against each
other, each can retain what is due him as payment.
*Roberts v. Wilkinson,* 34 Mich., 129.

*M. H. Crocker* and *D. H. Ball* for defendant in error.

MARSTON, J.    Gingrass brought assumpsit to recover
a balance claimed by him, the greater portion of which
it appeared upon the trial had been earned under a writ-
ten contract.    The defendant sought to introduce as pay-
ment, rent due under the same contract from the plaintiff
to the defendant, which was objected to and excluded.

In this we are of opinion the court erred.    The con-
tract provided that the plaintiff should receive one dollar
and fifty cents per ton for ore delivered by him on the
cars; and this was to be paid for monthly by estimate,
the final settlement to be by railroad weights.    The
defendant agreed in this contract to furnish Gingrass
with a barn and blacksmith shop free of charge or rent,
and to put up what buildings they deemed necessary,
and Gingrass agreed to pay the company monthly a
reasonable rent for the same.

It cannot well be supposed either party contemplated
that when the monthly estimate and settlement were
made, the company should pay in full the amount due
Gingrass for ore delivered, without deducting therefrom

the amount of rent due from Gingrass for the use of the buildings; or that the company should pay him in cash according to the monthly estimate of ore delivered, and then he pay back the amount of rent due.

The whole agreement must be considered in order to ascertain the amount due either party thereunder. It contemplated a monthly settlement, an estimate of the ore delivered; also the rent due, a deduction therefrom, and payment of the balance. No other sensible construction can be given such a contract, and although the parties may not thus have met and settled monthly, or may have met at some time and estimated and agreed as to the amount of ore delivered, and the sum to be credited to Gingrass therefor, yet he would not thereby be enabled to sue for and recover such amount without any reference to the deductions to be made therefrom on account of rent. The case of *Roberts v. Wilkinson*, 34 Mich., 129, and cases there cited, apply here.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.