Amos R. Morehouse v. La Fora S. Baker and Charles S. Murray.

*Recoupment—Separate actions.*

| 48 | 335 |
|----|-----|
| 74 | 436 |
| 48 | 335 |
| 82 | 620 |
| 48 | 335 |
| 95 | 276 |

Plaintiff contracted with defendants to sell them all the shingles he should cut, at a certain price. Defendants claimed that by the true construction of the contract he was bound to cut shingles for them, while he claimed he was only bound to sell them what he should cut. He cut and delivered a few and refused to cut more and they sued him for the refusal. *Held,* that he was not bound to use by way of recoupment in the suit any sum the defendants owed him for the shingles they had received.

Recoupment is applicable only to claims in favor of a defendant arising in his favor out of the very contract or transaction in respect to which he is sued; and when plaintiff counts upon a contract which defendants deny altogether, the doctrine of recoupment is not applicable. And this principle applies where the defendants, while admitting the contract, deny that in legal effect they make thereby the promise for a breach of which the plaintiff sues.

If by the terms of a contract a note is to be given by one party for goods sold, and it is given accordingly, the amount of this note is not proper subject for recoupment in a suit upon the contract by the other party. The giving of the note being in performance of the contract, a recovery upon it would not be a recovery of damages arising out of the contract, but a recovery of a demand separated from the contract by the very giving of the note.

Where one has a demand which is capable of being used by way of recoupment, it is at his option whether he will so use it, or instead thereof, bring a separate action upon it.

While the law does not favor the unnecessary splitting up of causes of action, it does not require that two or more distinct and different causes of action shall be brought into one litigation. The nearer the controversy is to being single and distinct, the more likely the jury is to dispose of it with full intelligence and justice.

Error to Mecosta. Submitted Apr. 21. Decided Apr. 25.

Assumpsit. Defendants bring error. Affirmed.

*W. W. Carpenter* for appellant. Recovery upon a declaration for only part of a demand, or omission to set up a

part of a claim in defense, precludes recovery or recoupment of the remainder: *Guernsey v. Carver* 8 Wend. 492; *Miller v. Covert* 1 Wend. 487; *Smith v. Jones* 15 Johns. 229; *Farrington v. Payne* id. 432; *Willard v. Sperry* 16 Johns. 121; *Phillips v. Berick* id. 136; *Secor v. Sturgis* 16 N. Y. 554; *Matthias v. Cook* 31 Ill. 84; *Petersine v. Thomas* 28 Ohio St. 601: *Rogers v. Higgins* 57 Ill. 247; *Stockton v. Ford* 18 How. 418; *Streeter v. Streeter* 43 Ill. 157; in an action for the price of land defendant may recoup damages from a breach of the covenant against incumbrances: *Christy v. Ogle's Ex'r* 33 Ill. 295; a pledgee sued for the conversion of the goods pledged may recoup the amount of his debt: *Jarvis v. Rogers* 15 Mass. 389; *Stearns v. Marsh* 4 Den. 227; *Fowler v. Gilman* 13 Met. 267; Story on Bailments § 345, 319; in trover for goods defendant may recoup the amount of his lien thereon: *Saltus v. Everett* 20 Wend. 267; *Dresser Mfg. Co. v. Waterston* 3 Met. 9; in trover against an officer for taking goods without legal authority upon an execution he may recoup the amount applied on the judgment: *Curtis v. Ward* 20 Conn. 204; *Prescott v. Wright* 6 Mass. 20; *Pierce v. Benjamin* 14 Pick. 356; *Board v. Head* 3 Dana 489; the law is unfavorable to splitting causes: *Folsom v. Clemence* 119 Mass. 473; *McCaffrey v. Carter* 125 Mass. 330; *Trask v. H. & N. H. R. R.* 2 Allen 331; *Bennett v. Hood* 1 Allen 47.

*Frank Dumon* for appellees. A note that is not due when suit is brought is not a proper subject of set-off: *Martin v. Kunsmuller* 37 N. Y. 396; *Wolfe v. Washburn* 6 Cowen 262; *Houghton v. Houghton* 37 Maine 75; *Robinson v. Safford* 57 Maine 163; *Ryan v. Barger* 16 Ill. 28; *Henry v. Butler* 32 Conn. 140; *Lockwood v. Beckwith* 6 Mich. 174.

COOLEY, J. The questions which arise in this case are questions of recoupment.

On May 12, 1881, Morehouse brought suit against Baker & Murray on a promissory note for $436.45, dated March 2, 1881, payable to plaintiff sixty days after date. The

defence was, a former suit by these defendants against Morehouse in which, as they claim, the note should have been made use of by way of defence.

It appears by the evidence, and by defendant's offers of evidence—which, for the purposes of a review, must be deemed susceptible of support—that on February 28, 1880, the parties entered into a written contract, a copy of which is given in the margin;* that the note in suit was given by Morehouse for shingles furnished under that contract; that on April 7, 1881, these defendants instituted suit against Morehouse, counting on said agreement and assigning for a breach, " that the said defendant neglected, omitted and refused to run his said mill in the manufacture of shingles for said plaintiffs a large portion of the time during said year 1880, and that, at other portions of said year, he run said mill upon and worked up a large portion of aforesaid timber into shingles, and neglected and refused to comply with his said agreement and the request of said plaintiffs to sell and deliver same to plaintiffs as he had promised and agreed, and contrary to the true tenor and

---

* *Articles of agreement made and entered into by and between Baker & Murray of Big Rapids, Mich., and Amos R. Morehouse of same place.*

Said A. R. Morehouse agrees to sell to said Baker & Murray all the shingles made by him at his shingle mill out of his own timber, and his one-half made from Seamen's timber in the township of Colfax during the year 1880. said shingles to be 18 inches in length, to be of standard thickness, and to be first-class, merchantable shingles, in every respect, and to be delivered on board the cars at such times and in such quantities as said Baker & Murray may desire, at Byers station, Mecosta county, Mich., on the G. R. & I. R. R.

Said Baker & Murray agree to buy said shingles of said Morehouse upon the foregoing conditions, to be paid for as follows: For XXX or star shingles, standard thickness, two dollars and twenty-seven and a half cents ($2.27½) per thousand, and for clear butts, one dollar and twelve and a half cents ($1.12½) per thousand, in the following manner: All shingles delivered at the railroad track to be counted on the first day of March, 1880, and to be paid for by the said Baker & Murray in their note at sixty days, at said time, and a like count and settlement made on the first day of each following month, said Morehouse to put all of said shingles under cover as fast as delivered to the railroad track, and also to brand them, when hauled, with Baker & Murray's brands, or such brands as they may furnish.

BAKER & MURRAY.<br>A. R. MOREHOUSE.

Feb. 28th, 1880.

effect of said agreement; that is to say, to manufacture said timber into shingles, and to sell and deliver same to plaintiffs, whereby and by reason whereof the said plaintiffs have lost the sale of a large quantity of shingles, to wit, five million shingles, and the profits and gains thereof which they might and otherwise would have had and realized from the shingles so contracted to them," etc. That Morehouse pleaded to the merits in said suit, and trial was had October 6, 1881, resulting in a verdict for defendant therein. Other facts appearing in the case are not important now.

The defendants insist that the note in controversy was part of the subject-matter of the former suit, and that for plaintiff to reserve it from that suit and make it the subject of a new action was such a splitting up of causes of action and needless multiplication of suits as has been frequently commented on and condemned by this court. *Dutton v. Shaw* 35 Mich. 434; *Hartford Fire Ins. Co. v. Davenport* 37 Mich. 614; *Iron Cliffs Co. v. Gingrass* 42 Mich. 30. This is the only question in the case.

When money or money's worth has been received under circumstances which make it payment, it is undoubted that the party claiming the benefit must see that it is applied in the suit brought upon his contract or he will lose it entirely. *Hazen v. Reed* 30 Mich. 331; *Huntoon v. Russell* 41 Mich. 316. When the application is once made the sum applied no longer exists as a separate demand or sum, but has disappeared by operating in reduction of the debt; and if the debtor fails to show the payment in a suit brought to recover the debt, and is compelled to pay a second time, he loses through his own folly and negligence. But when the demands of parties are distinct and separate in their nature or origin, it is in general at the option of a party sued whether he will make use of his demands against the plaintiff as counter-claims in that suit—when the case is such as to admit of it—or make them the subject of an independent action. This is so as to demands which are the subject of set-off; though the statute in some cases discourages the withholding of such demands when opportunity for making

use of them has arisen, by refusing to give costs in a subsequent independent suit for their recovery. Comp. L. § 5324. And where a demand is such that it is available by way of recoupment, the rule is the same: there is no imperative requirement that it shall be made use of as a counter-claim. *Doty v. Wilson* 14 Johns. 379; *Batterman v. Pierce* 3 Hill 171; *Dunham v. Bower* 77 N. Y. 76; *McKinney v. Springer* 3 Ind. 59; *Ward v. Fellers* 3 Mich. 281.

In the first suit between these parties the note now involved could not have been used by way of set-off, for the reason that the suit was for the recovery of unliquidated damages, and the statute does not allow of set-offs in such cases. Comp. L. § 5796. It could therefore only have been used as a counter-claim by way of recoupment. But was it the subject of recoupment? Recoupment goes in reduction of the plaintiff's recovery by applying upon such assessment as may be made in his favor any claim the defendant may have to damages arising out of the same contract or transaction, and is favored to avoid a multiplicity of suits. *Platt v. Brand* 26 Mich. 173. But where the cases are such that the issue upon the counter-claim would be distinct from that on the plaintiff's demand and rest upon distinct evidence, the reasons for permitting recoupment have little or no force, for "the nearer the controversy is to being single and distinct, the more likely is the jury to deal with it with full intelligence and justice." *Chandler v. Childs* 42 Mich. 128, 130.

Now in the first suit the plaintiffs counted upon a refusal of Morehouse to run his mill and saw shingles for delivery under the contract. As he had not expressly agreed that he would saw any shingles, but only that he would sell and deliver to Baker & Murray what shingles he did saw, it is evident that they were endeavoring by the suit to establish a construction of the contract which Morehouse did not admit. In effect he denied making any such contract as they counted upon; that is, while admitting his signature to the instrument upon which they sued, he denied that he thereby promised as by their declaration they claimed he

did. If this is a correct view of the first suit, it is apparent that the demand counted on in this suit had nothing to do with the subject-matter involved in the previous litigation. This note was given for shingles sold: the previous litigation did not concern shingles sold or bargained; but it only presented the question whether in a contract to sell shingles when he had manufactured them the party had also by implication agreed that he would manufacture that he might have the shingles to sell. Morehouse denied that he had so agreed, and if he succeeded on that issue, there would have been no basis for recoupment. And if he failed on the main issue and relied upon recoupment, the trial, as is shown above, would have involved two very distinct issues.

But a further objection to the recoupment would have been that Morehouse, if he had set up the note in the first suit as a counter-claim, would not, as to the nature of the claim itself, have been within the law of recoupment. Baker & Murray were demanding damages of him for his failure to saw and deliver shingles to them. He claimed of them no damages for the non-performance on their part of that contract; he charged them, so far as we know, with no fraud or other wrong in respect to it; he imputed to them no failure to perform in exact conformity to their agreement. Then what damages had he which could possibly be the subject of recoupment? It is true a note they had given him for shingles remained unpaid—in fact was not due—when the former suit was instituted; but the giving of the note was *pro tanto* performance of the contract, for the contract stipulated for it. Setting up the note would therefore not be claiming damages under the contract, but it would be demanding payment upon commercial paper. That a defendant could not be required to set up such a demand by way of recoupment, even if it were admissible, is manifest from the fact that, in the absence of any statutory provision establishing a different rule, recoupment can only go in discharge of the plaintiff's claim; it cannot establish a demand for which the defendant can take judgment. *Ward v. Fellers* 3 Mich. 281; *Chandler v. Childs*

42 Mich. 128. It would be highly unreasonable to require settled and liquidated demands to be made use of by way of recoupment under such a rule. Our statute has changed this, but it has made no change in the general principles of recoupment, and a question of the application of those principles must be decided here as it would be elsewhere.

These considerations are sufficient to show that the failure of Morehouse to make use of the note by way of defence in the first suit, did not bar him of any right to recover upon it.

The judgment in his favor in this suit must be affirmed with costs.

CAMPBELL and MARSTON, JJ. concurred.