## HATHAWAY et al. v. FORD MOTOR CO.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1920. Rehearing Denied July 6, 1920.)

No. 3436.

1. **Subrogation** ⬅22—**Manufacturer, canceling lien, held subrogated to mortgagee's rights against agents.**

Where sales agents had a lien on automobiles consigned to them for payments advanced, and gave to a bank a chattel mortgage covering their lien, the manufacturer, on canceling such lien by repaying the advances, and on paying the mortgage to release the automobiles from the lien thereof, was subrogated to the rights of the mortgagee against such agents; payment of the mortgage being made in good faith under circumstances justifying it.

2. **Judgment** ⬅622 (2)—**Replevin not conclusive against right to money paid on property, which was not counterclaimed.**

Judgment in replevin is not conclusive against the right of a party to recover amounts paid to release the property from chattel mortgages, for which no counterclaim was filed in the replevin suit, since in the absence of statute the right to sue on counterclaim as an independent cause of action is not impaired by a judgment against the claimant, unless the counterclaim was pleaded.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Appeal and error ⟺1005(2)—Finding by trial court supported by direct testimony is binding.**

Finding by the trial court, supported by direct testimony credited by the court below, is binding on appeal.

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton and Robert S. Bean, Judges.

Suit by the Ford Motor Company against F. M. Hathaway and others. Decree for plaintiff, and defendants appeal. Affirmed.

The appellants, a partnership, were local agents of the appellee to sell Ford automobiles under a contract which provided that either party might cancel the same upon giving the other party written notice. On May 25, 1916, the appellee canceled the contract, and on June 3, 1916, it brought replevin to recover possession of certain described Ford automobiles which it had consigned to the appellants, alleging that it had offered to repay the appellants $16,-077.50 advanced by them on the automobiles. On September 11, 1916, judgment was entered in that action against the appellee herein for $16,077.50 and $6,000 damages.

When the automobiles involved in the replevin action were originally received by the appellants, they borrowed from the First National Bank of Eugene, Or., money to pay the bills of lading upon the machines consigned, and they gave to the bank chattel mortgages upon the machines. In order to relieve the title to the cars involved in the replevin action from the lien of the bank, the motor company paid to the bank $12,676.25 and procured a cancellation of the notes and mortgage. Thereafter the appellee sought to offset against the judgment of the appellants in the replevin action the sum so paid to the bank. Being denied the right to do so, the appellee was compelled to pay the appellants the full amount of the judgment. Hence the present suit, which was brought to recover that sum on the theory that the appellee is entitled to be subrogated to the bank as against the makers of the chattel mortgage. The appellants in their answer to the complaint alleged that the payment to the bank was voluntary and without their consent, and that it could not be recovered. The trial court held that the appellants were not entitled to double payment of this sum and that the appellee should be subrogated to the bank as against the appellants. The appellants in their answer alleged also that they were entitled to earned and unpaid commissions under the terms of the contract in the sum of $1,900.60, for which they demanded judgment. Upon that demand the court below found that the gross amount of the commissions which the appellants were entitled to claim was $2,325.58, upon which there had been a payment of $987.48, leaving a balance of $1,338.10, which the court in the final judgment allowed as an offset against the money which the appellee had paid to the bank.

Isham N. Smith, of Seattle, Wash., for appellants.

Hugh Montgomery and Platt & Platt, all of Portland, Or., for appellee.

Before GILBERT and HUNT, Circuit Judges, and VAN FLEET, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The contract of agency gave to the agents a lien on the automobiles consigned to them for the 85 per cent. of the purchase price advanced, and for freight, and required them to maintain insurance on the goods for their protection against loss. It was this lien or equitable interest that the appellants mortgaged to the bank as security for money borrowed to make the said 85 per cent. payment, and it was for the

purpose of releasing the mortgaged property from the mortgage that the appellee paid the bank the full amount of its loan. Fowler v. Parsons, 143 Mass. 401, 9 N. E. 799. In so doing the appellee did not make a voluntary payment, which cannot be recovered. The payment was made in good faith, under circumstances which justified it, and it would be gross inequity to deny the appellee's right to recover the money so paid. 37 Cyc. 378; 25 R. C. L. 1345; Cobb v. Dyer, 69 Me. 494; Walker v. Walker, 138 Tenn. 679, 200 S. W. 825; Publishing Co. v. Barber, 165 N. C. 478, 81 S. E. 694; Building & Loan Ass'n v. Oram, 200 Mich. 485, 167 N. W. 50.

[2] The appellants contend that the appellee, by its failure to plead as a counterclaim in the replevin suit its right to recover the money so paid to the bank, is estopped by judgment to assert the claim in the present suit, and they cite cases to the proposition that, notwithstanding that an action in replevin is brought for the recovery of possession of specific personal property, a counterclaim of the defendant may be pleaded in defense. We need not pause to inquire whether the appellee's demand was pleadable as a counterclaim in the replevin action. We think it very clear that, wholly aside from that question, the judgment in the replevin action was not res judicata as to the present suit. The appellee's payment to the bank was not expressly or impliedly involved in, but was entirely independent of, the question of title or right of possession of the subject-matter of the replevin action and the issues therein, and the appellee's demand therefor is not merged in the judgment. The case comes within the general rule that, in the absence of a statute otherwise providing, a set-off or counterclaim may or may not be pleaded at the election of the defendant, and that, unless it is pleaded, the right to sue upon it as an independent cause of action is not impaired by a judgment against the counter claimant. 24 R. C. L. 882; 34 Cyc. 758; Merchants' Heat & L. Co. v. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488; Virginia-Carolina Chemical Co. v. Kirven, 215 U. S. 252, 30 Sup. Ct. 78, 54 L. Ed. 179; Morehouse v. Baker, 48 Mich. 335, 12 N. W. 170; Quick v. Lemon, 105 Ill. 578; Davenport v. Hubbard, 46 Vt. 200, 14 Am. Rep. 620; Roach v. Privett, 90 Ala. 391, 7 South. 808, 24 Am. St. Rep. 819.

[3] The evidence does not convince us that the trial court was in error in finding the amount of rebates due to the appellants under the agency contract to be $1,338.10. The appellants had demanded judgment in the sum of $1,900.60, but the court found from the evidence that the gross amount of the rebates was $2,325.58, upon which $987.48 had been paid on April 11, 1916, leaving a balance of $1,338.10. That conclusion was sustained by direct testimony, which the court below credited, and we regard it as binding upon this court.

The decree is affirmed.