## Thomas F. Dodge v. Lawrence Brewer and another.

*Mortgages: Statutory foreclosures: Extension of time: Sale superseded.* Where a mortgage has been foreclosed by advertisement, and the premises bid in by the mortgagee, but before the redemption ran out an arrangement has been made between him and the mortgagor to extend the time, and payments have been made and accepted on the strength of it, the foreclosure sale and deed are thereby superseded and rendered abortive.

*Mortgages: Tender: Condition: Discharge of lien.* Where, upon a statutory foreclosure sale, the mortgagee has become the purchaser, and, after having made such subsequent arrangements with the mortgagor as superseded the foreclosure sale, has quit-claimed the land and assigned the mortgage to another, a tender of the amount due by the mortgagor to such assignee, which was made conditional on the latter's quit-claiming the lands, is not such an unconditional tender as would discharge the lien of the mortgage; the requirement of the quit-claim deed was an inadmissible condition, and exceeded the terms proper for a tender under the circumstances.

DODGE *v.* BREWER.

*Mortgages: Tender: Demand of deed: Inconsistent objections.* The reply made·
at the time to such tender and demand, that the land was worth more money
and was not for sale, is not so inconsistent with the objection that the tender
was inoperative because accompanied with a demand for conveyance of the
land as a condition of the tender, as to preclude the urging of such objection
in a chancery suit brought for the foreclosure of the mortgage.

*Heard January 19.        Decided January 26.*

Appeal in Chancery from Van Buren Circuit.

*Arthur Brown* and *Alfred J. Mills,* for complainant.

*Richards & Barnum* and *E. R. Annable,* for defendants.

GRAVES, CH. J.

This is an appeal from a decree for foreclosure and sale.

The mortgage was given by Brewer to one Waite, in January, 1867, for one thousand dollars, and interest. The money was payable in three yearly installments.

Brewer making default when the payments of 1868 and 1869 became due, Waite proceeded to foreclose by notice· under the power of sale, subject to the last installment, and the proceedings were carried to a sale, Waite being the purchaser, and the sheriff's deed being filed in the register's office. Before the redemption ran out an arrangement was entered into between Brewer and Waite to extend the time, and payments were afterwards made by Brewer·and received by. Waite on the strength of it. Both parties understood that the foreclosure was not insisted on, and the proofs show that it was superseded and made abortive. But Brewer· failing to pay according to the arrangement within the extended time, Waite caused the· sheriff's deed to be recorded,.. and assigned the mortgage and quit-claimed the land to the complainant. There was no force in the sheriff's deed, be-- cause the proceeding on. which it depended had been inval·· idated and abandoned. All right. based upon the mortgage was the ordinary one belonging to the holder of an unfore- closed mortgage.

About four days after the assignment to the complainant, Brewer and his attorney, Mr. Stephenson, called on complainant and offered to pay him six hundred and twenty-five dollars in satisfaction of the mortgage debt, but coupled a condition with the offer, that complainant should execute a discharge of the mortgage, and in addition thereto should execute and deliver a quit-claim deed of the land described in the mortgage. This complainant refused to do. But in the course of a few days he called on Stephenson and informed him that he would take the money and execute the papers.

Stephenson, however, then said that he had not got the money, but would obtain it in a short time, and that meanwhile Brewer would allow interest at ten per cent.

Brewer, however, continued in default, and complainant filed the present bill to foreclose.

The only defense is, that the lien of the mortgage was removed from the land by the offer or tender made by Stephenson. Brewer, of course, does not claim that Waite's foreclosure was of any consequence, and complainant, who now stands in Waite's shoes, asserts by his proceeding that it was ineffective.

Was the lien of the mortgage cut off by the alleged tender? In order to give it that effect we ought to be satisfied that all the legal requisites of a tender existed, and that Brewer was fairly prevented from paying his debt by the unwarranted refusal of his creditor to receive it in the way and on the terms proposed by Brewer. Without stopping to examine all the particulars of the transaction, I think the requirement of the quit-claim deed exceeded the terms proper for a tender in this case. It was not an admissible condition under the circumstances.

It went beyond the demand of a receipt, or of a discharge of the mortgage, and insisted upon the execution and delivery of an instrument of conveyance already prepared, and so framed as to work a conveyance to Brewer of any separate and distinct title or interest complainant

may have had, of whatever sort, and even a title or interest which may have belonged to him without his being aware of it.

It is argued by defendant's counsel, that complainant cannot now stand upon this objection, because, as he says, it is not consistent with the reason complainant gave at the time for refusing, namely, that the land was worth more money and was not for sale. The force of this position is not perceived. The reply made by complainant was not to the bare offer of the mortgage debt, but to the whole proposition stated by Stephenson, and that proposition required complainant to execute and deliver to Brewer a deed of the land. The response was not inconsistent with the ground now taken. That ground is, that Brewer was not entitled to make the right of complainant to receive his mere mortgage debt depend upon the execution and delivery of a conveyance of the land by complainant.

I think the decree below should be affirmed, with costs.

CAMPBELL, and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.