## James Ramsdell v. Andrew C. Maxwell and another.

*Writs of assistance: Decree: Tenants at sufferance: Possession.* A writ of assistance is the regular process for carrying out a decree of possession, and it lies on foreclosure sales. Its object is to compel parties who are bound by a decree to give up the possession which they hold as mere tenants at sufferance, and which, by the decree and sale under it, they have become estopped from further asserting; but it can be used to enforce only such rights.

*Tenant at sufferance: New arrangement: Tenant at will.* Where a tenant at sufferance is allowed to continue in possession under a new arrangement, he ceases to be a tenant at sufferance, and becomes a tenant at will, and must be dealt with accordingly.

RAMSDELL v. MAXWELL.

*Writs of assistance: Possession: Decree and sale: New contract.* A writ of
assistance can never be proper where there is any real controversy as to
the right of possession not precluded by the decree and sale; and is
therefore not available where a new arrangement has been effected after
the sale, and the possession is claimed to be held by virtue of such
arrangement.

*Possession: New contract: Affidavits.* The original decree could have no
force in settling rights under such new agreement, nor can the parties
be required to try those rights on affidavits; but the possession must be
sought in some way where the nature and extent of the rights under the
new contract can be litigated.

*Possession: Foreclosure decree and sale: New arrangement: Specific per-*
*formance: Writ of assistance.* A party in possession under a new arrange-
ment after foreclosure decree and sale, who has filed a bill for specific
performance of such new contract, is not subject, while such bill is
pending, to have his rights thereunder predetermined by a motion for a
writ of asistance in the foreclosure suit; nor could an interlocutory order
in the new suit, dissolving an injunction against obtaining possession
under the foreclosure, anticipate the final decree so as to cut off the
rights of either party, or operate as an adjudication as to the right of
possession.

*Heard June 10.     Decided June 18.*

Appeal in Chancery from Bay circuit.

*Marston, Hatch & Cooley,* for complainant.

*A. C. Maxwell,* in person, and *Ashley Pond,* for defendants.

CAMPBELL, J:

In this case a mortgage sale was made and sale con-
firmed. On the day of sale Ramsdell made an agreement
with Maxwell, in furtherance or partial accordance with a
previous arrangement which had not been fully complied
with, whereby Maxwell was to have the property back upon
payment of certain moneys, and performance of certain con-
ditions; and it is disputed whether he was or was not to
have possession until performance. The sale was made
April 4, 1874. Disputes arose as to certain matters, and
on the 18th of September, 1874, Maxwell filed a bill for
specific performance, and obtained an injunction against any
interference with his possession. An answer was put in,
admitting the agreement, but qualifying the statements in
the bill in some important respects, and submitting to per-
form if Maxwell would perform on his part within a rea-

sonable time. On this an order was made in that suit, dissolving the injunction unless Maxwell should make a conveyance of certain lands and payment of certain moneys within twenty days. This order was made on the 2d of October, 1874. On the 23d of October a demand of possession was made of Maxwell, and tender made of moneys and deeds and certain other papers, intended as a revocation or termination of his rights, which it is claimed he accepted, but he refused to give up possession. On the 2d of November summary proceedings were commenced against him before Judge Green under the statute. These failed by an adverse ruling on the 12th of November, 1874, which led to their discontinuance. On the 19th of November an *ex parte* order for a writ of assistance was granted by Judge Tennant, who was then sitting in Bay Circuit. On December 5th, upon an application previously made and argued, Judge Green made an order recalling the writ. This order is appealed from.

A writ of assistance is the regular process for carrying out a decree of possession, and lies on foreclosure sales. Its object is to compel parties who are bound by a decree to give up the possession which by the decree and sale under it they have become estopped from further asserting, and when they have thus become tenants at sufferance. But it cannot be used to enforce any but such rights.

Where a tenant at sufferance is allowed to continue in possession under a new arrangement, he ceases to be a tenant at sufferance and becomes a tenant at will, and must be so dealt with. In *Allen v. Carpenter, 15 Mich. R., 25,* where the question arose concerning the right to displace by summary proceedings a tenant holding over after foreclosure by advertisement, while there was a difference of opinion as to whether the relation had changed in that case, and whether the right had been lost to take summary proceedings without notice to quit, it was not denied by any one, that a new tenancy by agreement would change the relations of the parties entirely. And in the present case it

is quite clear that Maxwell, whether he had or had not lost his right of possession, was not in possession as a tenant holding over after mortgage sale under the decree, but was in under a new bargain.

This new bargain, whatever it may have been, was in litigation in a chancery suit upon which there was no final decree, and that litigation could not be decided upon a motion in another suit, nor could an interlocutory order in the same suit anticipate the final decree so as to cut off or determine the rights of either party. The dissolution of an injunction against obtaining possession could not operate as an adjudication as to the right of possession, which was a fact in issue that could only be settled in that cause at the final hearing. In any other proceeding to obtain possession the facts have must been litigated in such way as would be appropriate.

But we do not see how a writ of assistance can be proper where there is any real controversy as to the right of possession not precluded by the decree and sale. No one can be compelled to try a contract on affidavits, and it would be a violation of elementary principles to attempt it. If Ramsdell claims to be entitled to possession, the defendant is entitled nevertheless to dispute that claim and have it determined in some legal or equitable proceeding where there can be a hearing. And as the contest arises under an agreement made subsequent to the decree, of course no rights under the new agreement were settled by the decree.

The court below was, in the view of a majority of us, right in withdrawing the writ. Possession must be sought in another way where the nature and extent of the rights under the new contract can be litigated. It would be improper for us on this hearing to discuss them.

The order must be affirmed, with costs.

COOLEY, J., and GRAVES, CH. J., concurred.

MARSTON, J., having been of counsel, did not sit in this case.