## AUDRETSCH *v.* HURST.

1. SERVICE OF PROCESS—APPEARANCE—WAIVER.

   Where defendant, when called on to plead before a commissioner in summary proceedings, moved to quash on the ground of insufficient service, but later, on such motion's being overruled, while professing to appear specially, entered a plea and demanded a jury trial, which was accorded him, any defect in the service was waived.

2. MORTGAGES—STATUTORY FORECLOSURE — REDEMPTION — EXTENSION OF TIME—POSSESSION—SUMMARY PROCEEDINGS.

   An agreement entered into between the purchaser of premises at a statutory mortgage foreclosure and the mortgagors, whereby the period of redemption was for a valid consideration extended six months, such consideration to be retained as compensation for the use of the land in case of a failure to redeem, and it being expressly stated that the rights, duties, and liabilities of the parties should remain the same, operates merely to extend the time for redemption as contemplated by the parties, and does not preclude the purchaser from proceeding summarily to obtain possession at the end of the extended time.

Error to Wayne; Donovan, J. Submitted April 3, 1901. Decided April 16, 1901.

*Certiorari* by Henry J. Audretsch and Mary Audretsch against William A. Hurst, circuit court commissioner of Wayne county, to review the action of the commissioner in certain summary proceedings for the possession of land. From a judgment for defendant, affirming a judgment of ouster, plaintiffs bring error. Affirmed.

*Charles T. Wilkins*, for appellants.

*Edward A. Barnes* and *U. Grant Race*, for appellee.

MONTGOMERY, C. J. This is *certiorari* to review a proceeding instituted before a commissioner to obtain possession of lands purchased on a statutory mortgage foreclosure. The property was sold by the sheriff to one E. Merton McBrier for $2,241.29. The period of redemption expired December 21, 1898. On the 19th of December, 1898, the parties entered into an agreement by the terms of which, in consideration of the payment of the sum of $200 to McBrier, he agreed that the Audretsches might redeem the premises from the sale at any time on or before June 18th; that, in case of failure to redeem, the $200 paid should be retained as compensation for the use of the land; that, in case of redemption, the sum required to be paid should be $2,303.97, and interest at 7 per cent. from December 18, 1898. It was distinctly stated in the agreement that the rights, duties, and liabilities of the parties should remain the same as though the period of redemption provided by statute had expired the 18th day of June, 1899.

Plaintiff in error, when called upon to plead before the commissioner, moved to quash on the ground of insufficient service. The court refused to quash. Thereupon, while professing to appear specially, he entered a plea, and demanded a trial by jury, which was accorded him. We think this must be deemed a waiver of any defects in the service, if there were any.

The meritorious question is whether the purchaser lost his right to proceed summarily by agreeing to extend the

time for redemption for a period of six months. There are no equities in favor of the mortgagors. The agreement was for their benefit and their interest. It is distinctly shown that there was no intention of waiving the mortgage foreclosure, or of conferring any new rights upon the mortgagors. In terms, the agreement provided that the rights, duties, and liabilities of the respective parties should remain the same. The effect was to suspend the purchaser's right for six months. No good reason is shown why such an agreement is not valid. To hold it invalid would have the effect to preclude mortgagors from making terms by which an extension of time in which to redeem could be secured.

The plaintiff in error relies upon the case of *Dodge* v. *Brewer*, 31 Mich. 227, and *Ramsdell* v. *Maxwell*, 32 Mich. 285. Neither of these cases supports the contention of the plaintiff in error. In *Dodge* v. *Brewer* it is stated that "both parties understood that the foreclosure was not insisted on, and the proofs show that it was superseded and made abortive." In the present case it was distinctly understood that the foreclosure was insisted upon, and the only modification of the rights of the parties was a suspension of the purchaser's rights for a period of six months. In *Ramsdell* v. *Maxwell* the new bargain between the parties was in litigation in another chancery suit, and it was held that it was not proper to issue the writ of possession under the circumstances of that case. In *Cameron* v. *Adams*, 31 Mich. 426, it was held, in a case of peculiar hardship, that where, after the sale, a payment had been made on the mortgage, if no intention to waive foreclosure appeared, a court of chancery could not relieve from the foreclosure. In the present case it is perfectly clear that there was no purpose to waive the foreclosure.

We think the circuit judge reached the correct conclusion, and the judgment of the circuit court, affirming that of the commissioner, is affirmed.

The other Justices concurred.