PECK IRON & STEEL WORKS *v.* BOOMERSCHEIM.

1. CORPORATIONS—AUTHORITY OF OFFICERS TO CONTRACT.
   Where the board of directors of a corporation authorized its officers to sell additional capital stock, acceptance of a stock subscription by the president made a contract binding on the subscriber.

---

On the question of liability of corporate officer for misrepresentations which induced the sale or purchase of stock, see note in 1 L. R. A. (N. S.) 258.

2. FRAUD—BURDEN OF PROOF.

   In an action on a subscription for stock, where the defense was false representations by plaintiff, the burden was on defendant to prove not only that the representations were made, but that they were false.

3. TRIAL—CONFLICTING TESTIMONY FOR THE JURY.

   Where the testimony of a witness given on cross-examination is in conflict with that given on direct-examination, it is for the jury to determine which, if either, version they will believe.

4. FRAUD—ABSENCE OF PROOF—WITHDRAWAL.

   Where defendant made no proof that claimed false representations were in fact false, when his attention was challenged to the fact that the burden was upon him to do so, he may not complain of the ruling of the court withdrawing from the jury the question of fraud, although the court assigned a wrong reason for his ruling.

5. APPEAL AND ERROR—CORRECT RULING SUSTAINED NOTWITHSTANDING ERRONEOUS REASON.

   Where the ruling of the trial court was correct, it will be sustained, on error, although his reasons for so ruling were erroneous.

*Error* to Kalamazoo; Weimer (George V.), J. Submitted October 12, 1922. (Docket No. 94.) Decided December 5, 1922.

Assumpsit by the Peck Iron & Steel Works against Edson F. Boomerscheim for the amount of a subscription for corporate stock. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Alfred S. Frost,* for appellant.

*Mason & Sharpe,* for appellee.

FELLOWS, C. J. Plaintiff is a corporation organized and existing under the laws of this State. On February 20, 1919, its board of directors directed its president to secure the approval of the Michigan

securities commission of the sale of an additional stock issue and authorized its officers to sell such stock at par without commission. The securities commission approved the sale of the stock and the president of the company proceeded in an effort to sell the stock. He interested defendant and he agreed to purchase 50 shares of the par value of $10 per share and executed the following instrument:

> "April 1, 1920.
> "I hereby subscribe for 50 shares of the capital stock of the Peck Iron & Steel Works, a corporation organized under the Michigan laws, with a capital stock ($60,000) sixty thousand dollars, $40,000 of which is to be fully paid and non-assessable, of the par value of ten ($10) dollars per share, to be paid in the following manner: Fifty per cent. in five months and balance in six months from this date.
> (Signed) "E. F. BOOMERSCHEIM."

Defendant refused to take or pay for the stock and this action was brought some time after the maturity date of the agreement. The trial resulted in a directed verdict, and judgment for the plaintiff.

Several interesting questions are discussed by counsel which we do not deem it necessary to decide on the state of the record. Plaintiff's counsel concede the general proposition urged by defendant's counsel that a subscription for stock must be accepted by the corporation to make a binding contract, but insist that where, as appears by this record, the corporation offers the stock and the purchaser accepts the offer there need not be an acceptance of the acceptance; citing *Southwestern Slate Co.* v. *Stephens,* 139 Wis. 616 (120 N. W. 408, 29 L. R. A. [N. S.] 92, 131 Am. St. Rep. 1074). We need not decide this question as it was conceded on the trial that plaintiff's president accepted the subscription and we come at once to the contention of defendant's counsel that this was not sufficient, that there must be action by the board

of directors accepting the subscription in order to make a binding contract. This question has been settled by this court adversely to defendant's contention in the case of *Toles* v. *Duplex Power Car Co.*, 219 Mich. 466, a case handed down since the trial of the instant case and which had not appeared in the Advance Sheets when appellant's brief was filed.

On defendant's direct-examination he testified that it was represented to him that the company had orders enough and material on hand and business enough ahead so that he need not worry about paying for the stock, that the dividends would take care of it. Upon cross-examination he quite materially modified his claim as to what the representations were, and his cross-examination fairly established that the statements as to anticipated dividends were based on anticipated new business and were promissory in character. In discussing a motion made by plaintiff's counsel to strike out defendant's testimony on the question of fraud, defendant's counsel insisted upon the right to go to the jury on that question based on defendant's testimony in chief and the representations he then claimed had been made. The court then challenged his attention to the fact that the duty rested on him to establish the falsity of the representations. Defendant's counsel did not offer to make such proof but insisted that the duty rested on the plaintiff to show what material and orders it had on hand at the time the stock was sold to defendant. The trial judge struck out the testimony and directed a verdict for plaintiff on the ground that the statements were promissory, basing his ruling on the cross-examination alone. We do not agree with his reasons, but the ruling was correct. We have frequently held that where the testimony of a witness given on cross-examination is in conflict with that given on direct-examination, it is for the jury to determine which,

if either, version they will believe. But the burden rested on the defendant not only to establish that the representations were made but also to establish that they were false. Defendant made no proof that the representations were in fact false and offered no such proof when his attention was challenged to the rule. He can not under these circumstances complain of a ruling which withdrew the question of fraud from the jury even though the reason for the ruling was erroneous.

Defendant claimed that he had been released from the contract by the president of the company. The trial judge correctly held that there was no consideration for the release, and no proof that the president had authority to release defendant.

Finding no reversible error on the record, we are constrained to affirm the judgment.

Wiest, McDonald, Clark, Bird, Moore, and Steere, JJ., concurred. Sharpe, J., did not sit.