SHELBY CO. *v.* DICKINSON.

1. MORTGAGES—SUMMARY PROCEEDING LEGAL ACTION—STATUTES.
   Summary proceeding to recover possession of real estate on statutory foreclosure of mortgage is legal, and not equitable action, and is permitted by statute (3 Comp. Laws 1929, § 14975, subd. 3).

2. SAME—FORECLOSURE—NOTICE TO QUIT.
   When period of redemption from mortgage foreclosure expires, continued possession by mortgagor is unlawful, and no notice to quit is necessary.

3. SAME—DEMAND FOR POSSESSION.
   Exhibition to mortgagor of sheriff's deed and demand for possession, after expiration of redemption period, *held,* not prerequisite to maintaining summary proceedings to recover possession (3 Comp. Laws 1929, § 14975, subd. 3).

4. SAME—PAYMENTS TOWARD REDEMPTION—WAIVER OF FORECLOSURE.
   Arrangement between mortgagee and mortgagor for payments by contract purchaser from mortgagor after foreclosure sale and partial payment toward redemption did not waive foreclosure, in absence of intention to do so.

5. SAME—FORECLOSURE—REDEMPTION PAYMENTS.
   That money paid by contract purchaser from mortgagor toward redemption was not deposited in office of register of deeds before expiration of redemption period did not render foreclosure void, where mortgagor made no attempt to redeem.

Appeal from Wayne; Driscoll (George O.), J., presiding. Submitted April 12, 1932. (Docket No. 92, Calendar No. 36,097.) Decided June 6, 1932.

Summary proceedings by the Shelby Company, a Michigan corporation, against Lucy Dickinson to recover possession of real estate following statutory

foreclosure of an instalment of a mortgage. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered for plaintiff.

*Frank C. Cook* and *John P. O'Hara (A. L. Baumann,* of counsel), for plaintiff.

*Robert M. Drysdale,* for defendant.

FEAD, J. This is a summary proceeding to recover possession of real estate on statutory foreclosure of an instalment of a mortgage.

Sale was made March 18, 1930, for about $1,800, to the Bankers Trust Company, the mortgagee, which conveyed to plaintiff March 9, 1931. March 23, 1931, an agent of the Bankers Trust Company exhibited the sheriff's deed to the caretaker of the building and demanded possession, which was refused. Defendant contends that, by analogy to application for writ of assistance in chancery foreclosure, the deed should have been exhibited to her and possession demanded before summary proceedings would lie.

A summary proceeding is a legal, not an equitable action. The statute, 3 Comp. Laws 1929, § 14975, subd. 3, permits the remedy:

"When any person shall continue in possession of any premises sold by virtue of any mortgage or execution, after the expiration of the time limited by law for the redemption of such premises."

When the period of redemption expires, continued possession by the mortgagor is unlawful, and no notice to quit is necessary. *Lieblien* v. *Hansen,* 178 Mich. 11; *Allen* v. *Carpenter,* 15 Mich. 25; *Gage* v. *Sanborn,* 106 Mich. 269. The proceedings are statutory, and, as the statute does not make exhibition of

deeds and demand for possession a requisite to the action, defendant's contention is untenable.

About a month after the mortgage sale, an arrangement was made between defendant and the Bankers Trust Company that a contract purchaser from defendant should make payments to the trust company toward redemption. He paid $600. The foreclosure was not waived by such subsequent partial payment, because, while it may be waived by agreement (*Dodge* v. *Brewer,* 31 Mich. 227), no intention to waive appears from the arrangement made (*Cameron* v. *Adams,* 31 Mich. 426; *Audretsch* v. *Hurst,* 126 Mich. 301).

Defendant, however, contends that the foreclosure was void because the payment of $600 was not deposited in the office of register of deeds before expiration of the period of redemption. The argument is that she thereby was prevented from redeeming at such office. There is no statute requiring such deposit, there was no agreement to deposit, defendant could have redeemed by direct payment to the purchaser, she did not attempt to redeem at all, and this is not a bill for redemption. We discover no reason for voiding the foreclosure on this ground.

Judgment for defendant reversed, and the cause will be remanded for entry of judgment for plaintiff, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.