PETOSKEY *v.* HOME OWNERS' LOAN CORP.

1. PLEADING—INCONSISTENT ALLEGATIONS.
    In pleading, inconsistent allegations are not fatal (Court Rule No. 17, § 6 [1933]).

2. SAME—MOTION TO DISMISS.
    All facts well pleaded in a bill of complaint must be accepted as true under a motion to dismiss.

3. MORTGAGES—SEPARATE SALE OF DISTINCT PARCELS.
    If mortgaged premises consist of distinct tracts or lots they must be sold separately (3 Comp. Laws 1929, § 14431).

4. SAME—SEPARATE SALE OF DISTINCT PARCELS—PURPOSE OF STATUTE.
    The statutory requirement that if mortgaged premises consist of distinct farms, tracts, or lots not occupied as one parcel,

they shall be sold separately is for the benefit of the mortgagor (3 Comp. Laws 1929, § 14431).

5. SAME—DAMAGES—EQUITY.

Mortgagors under mortgage of land mortgaged as a single parcel and sold at sale under foreclosure by advertisement as two parcels would have to allege damage by reason of the manner of sale to be entitled to equitable relief from such sale.

6. SAME—SALE OF SINGLE PIECE AS TWO PARCELS—PLEADING—DAMAGES—CONCLUSIONS.

Mere allegation that mortgaged premises were sold for less than the fair value would not entitle mortgagors to relief under sale under foreclosure by advertisement from sale of one piece of land as two parcels in the absence of proper allegation that plaintiffs suffered a loss because of sale in two parcels instead of in a single parcel, allegation that during period of redemption after sale no one was willing to buy the premises because no one believed that plaintiffs, if they did redeem, could give good title being but an allegation of a conclusion.

7. SAME—EQUITY—PLEADING OF DAMAGES—OCCUPATION AS TWO DISTINCT PARCELS—FORECLOSURE SALE.

Mortgagors were not entitled to equitable relief from sale under foreclosure by advertisement in two parcels of property mortgaged as one parcel where it clearly appears that in a practical sense the property could be and was occupied as two separate and distinct parcels and it was not alleged that division of the property was physically impracticable or that sale in two parcels instead of one reduced the total sale value of the whole mortgaged property.

8. SAME—MORTGAGEE'S ACCEPTANCE OF CONDEMNATION AWARD MONEY DURING PERIOD OF REDEMPTION.

A mortgagee's acceptance of money under a condemnation award during period of redemption did not invalidate prior proceedings to foreclose mortgage by advertisement where such amount together with amount of defendant's bids at the foreclosure sale were less than mortgage debt and mortgage contained provision for application of such an award upon the mortgage debt.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 16, 1941. (Docket No. 74, Calendar No. 41,615.) Decided January 6, 1942.

Bill by Viola E. Petoskey, administratrix of the estate of Anthony Schlaff, deceased, and Mary A. Schlaff against Home Owners' Loan Corporation, a United States corporation, to set aside a foreclosure and sale thereunder, reinstate a mortgage, and for other relief.   Bill dismissed.   Plaintiffs appeal. Affirmed.

*Roy G. Lord*, for plaintiffs.

*F. W. Armstrong, John F. Langs* and *R. F. Molyneaux*, for defendant.

North, J.   Upon hearing defendant's motion to dismiss plaintiffs' bill of complaint, the trial court permitted plaintiffs to amend.   Thereafter defendant renewed its motion to dismiss.   It was heard and granted on the ground that the amended bill of complaint did not state a cause of action.   Plaintiffs have appealed.   They seek relief because of two acts of defendant.   One was that the foreclosure sale by defendant of plaintiffs' mortgaged property was as two separate parcels whereas plaintiffs, possessing the rights of the mortgagors, claim it was only one parcel and should have been so sold.   The other was the acceptance by defendant of the proceeds from the condemnation of part of the mortgaged property during the redemption period; which, plaintiffs claim, reinstated and put in full force and effect the mortgage involved herein.

Plaintiffs are Mary A. Schlaff, widow of Anthony Schlaff, deceased, and Viola E. Petoskey, administratrix of the estate of deceased.   Mr. and Mrs. Schlaff purchased the premises herein involved in 1902.   At that time they occupied a small house on the westerly portion of the lot.   In 1912, they built

a larger home on the easterly 60 feet of the lot and occupied it. Mrs. Schlaff is still living there. The smaller residence on the westerly 40 feet of the lot has been rented to tenants. On January 24, 1934, Mr. and Mrs. Schlaff obtained a mortgage loan of $13,991.21 on their premises from defendant. This mortgage covered the entire lot described as: "Lot No. five (5) Detroit Arsenal Grounds, town 2 south, range 10 east." Mortgagors being in default, defendant foreclosed the mortgage by advertisement. A sheriff's sale was held December 22, 1939. Notice was served on plaintiffs that the property was to be sold. Apparently attempting to comply with the statute (3 Comp. Laws 1929, § 14431 [Stat. Ann. § 27.1227]), defendant at the foreclosure sale bought in the property by means of two bids, one for the easterly portion occupied by plaintiffs' own home, and one for the westerly portion occupied by tenants. The statute above cited is as follows:

"If the mortgaged premises consist of distinct farms, tracts, or lots not occupied as one parcel, they shall be sold separately, and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest and the costs and expenses allowed by law but if distinct lots be occupied as one parcel, they may in such case be sold together."

The sale in two parcels is claimed to be invalid by plaintiffs. They insist that the lot is but one unit and not two. The trial court based its decision principally on the ground that plaintiffs' allegations in their bill show the lot was used as two separate parcels. However, plaintiffs do allege that the property was but one piece; and in pleading, inconsistent allegations are not fatal. Court Rule No. 17, § 6 (1933). See 1 Searl, Michigan Pleading and

Practice, § 137.  All facts well pleaded in a bill of complaint must be accepted as true under a motion to dismiss.  *Butts* v. *Ruthven,* 292 Mich. 602.  Therefore, we must assume that the property is but one piece.

The question of whether a sale of one piece of land as two parcels under foreclosure by advertisement is void is novel in this jurisdiction.  It has been decided many times that if mortgaged premises consist of distinct tracts or lots they shall be sold separately, *Jerome* v. *Coffin,* 243 Mich. 324.  The above-quoted statutory provision as to separate sales is for the benefit of the mortgagor.  *Keyes* v. *Sherwood,* 71 Mich. 516.  But in the instant case the situation is the converse of that covered by the statute.  Plaintiffs herein complain of a statutory foreclosure sale of mortgaged property in two separate parcels which was mortgaged as a single parcel.  Neither by the statute nor by any decision of this Court has such a sale been held *ipso facto* void or voidable.  Plaintiffs are seeking relief in equity.  They are not entitled to prevail unless some equitable ground of relief is alleged.  Except plaintiffs assert in their pleadings that they have suffered damage by reason of the manner of the sale, they cannot be granted relief.  One of the reasons assigned in defendant's motion to dismiss plaintiffs' amended bill of complaint is:  "Because the amended bill of complaint sets forth no damage to plaintiff by reason of any of the acts alleged therein."  In granting the motion to dismiss, the circuit judge said:  "And in any event the court is of the opinion that the plaintiff has failed to allege or demonstrate any damage resulting to it by reason of the sale in parcels."

. Careful review of this record is convincing that the trial judge reached the correct conclusion.  It clearly appears that in a practical sense the property could be and was occupied as two separate and dis-

tinct parcels. This is true notwithstanding the allegation that certain outbuildings such as a barn, which was destroyed prior to this suit, a shed, et cetera, located on one of the parcels were formerly used in connection with the other parcel. While the bill of complaint contains allegations that the mortgaged premises were sold for less than the fair value, this alone would not entitle plaintiffs to relief. The least that would constitute a cause of action under plaintiffs' theory is a proper allegation of loss to plaintiffs caused by sale in two parcels instead of in a single parcel. The bill does not contain such an allegation. In so holding, we are mindful of the following allegation in the amended bill of complaint:

"That the defendant corporation in considering [sic] the sale of the premises as aforementioned damaged the plaintiffs to the extent that they not only lost their homestead and interest in said premises but that they were damaged to the extent that no one was interested in the purchase of the above-described premises for the reason of the manner in which the foreclosure sale was conducted by the sheriff, that is to say no one considered that after the sale was conducted that anyone could receive a proper title to the premises in two parcels instead of one and that for the reason that no one believed that your plaintiffs, if they did redeem, could give proper title, no one was interested in the purchase of the above-described premises."

On every foreclosure, except there is redemption, the mortgaged property is lost notwithstanding it may have been a homestead. That portion of the quoted allegation which sets forth that no one during the period of redemption was willing to buy the property because good title could not be given obviously is merely an allegation of a conclusion which arose from a mistaken understanding of the law.

Clearly either or both parcels could have been redeemed and good title restored to the mortgagors or their grantees. Defendant is not chargeable with the consequences of such an erroneous assumption as that alleged by plaintiffs.

While there may be instances where it would be injurious to a mortgagor to have a single lot sold as two separate parcels, plaintiffs here have not alleged such an injury or damage. Plaintiffs have not alleged in their bill of complaint that the division of the property was physically impracticable or that selling in two parcels instead of one reduced the total sale value of the whole mortgaged property.

As to plaintiffs' contention that defendant's acceptance of a condemnation award for part of the property on June 17, 1940, which was during the redemption period, reinstated the mortgage, we think their position is not tenable. It is provided in the mortgage that any such award shall be applied on the mortgage debt. The provision reads:

"That in the event the premises or any part thereof are taken under the power of eminent domain, the entire award shall be paid to the mortgagees and applied upon the principal last maturing hereon, and the mortgagee is hereby empowered in the name of the mortgagor or the mortgagor's assigns to receive and give acquittances for any such award or judgment whether it be joint or several."

In *Shelby Co.* v. *Dickinson*, 259 Mich. 197, and cases therein cited, it is held that the mere acceptance of money during the period of redemption does not invalidate a foreclosure sale unless there is an intent to do so. Such an intent is not alleged in the instant case. Further, it may be noted that the total amount of defendant's bids at the foreclosure sale and the amount received as the condemnation award are less than the amount of the mortgage debt. De-

fendant's acceptance of the condemnation award during the period of redemption did not, especially in view of the terms of the mortgage, invalidate the prior foreclosure proceedings.

In consequence of our conclusion above indicated, it is not essential to decision that we should pass upon appellee's contention that plaintiffs' delay in filing their bill of complaint until the second day prior to the expiration of the period of redemption renders them guilty of such laches as justified dismissal of their suit.

The decree entered in the circuit court is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.