MEYERS *v.* JAY-BEE REALTY CORP.

1. SET-OFF AND RECOUPMENT—DENIAL OF CLAIM.
    A defendant cannot be heard to deny plaintiff's cause of action and at the same time claim a recoupment arising out of the transaction upon which plaintiff's suit is based.

2. SAME—BREACH OF WARRANTY—PLEADING—EVIDENCE.
    In payee's action upon note given by defendant where latter is able to show it was given in consideration of plaintiff's sale of an air-conditioning system and that plaintiff warranted its fitness, a plea of recoupment based upon a breach of warranty would be proper but defendant must allege and prove that the sale, note, and warranty all pertain to the same transaction.

3. SAME—BREACH OF WARRANTY—NOTE AND CHATTEL MORTGAGE—CONDITIONAL SALES AGREEMENT.
    In action on a note secured by a chattel mortgage covering an air-conditioning system, a plea of recoupment based upon breach of warranty because of failure of the system to operate satisfactorily would not be improper because the note and mortgage had been substituted for a conditional sales agreement.

4. APPEAL AND ERROR—PLEADING—REMAND FOR AMENDMENT—DIS-
   CRETION OF COURT.

On appeal in payee's action on a promissory note wherein de-
fendant's answer contained a so-called affirmative defense
and recoupment which were not averred to have been con-
nected with note sued upon and were ordered stricken from
defendant's answer by trial court, cause is remanded for
amendment of answer in accordance with opinion and within
discretion of trial judge, upon such terms as he shall deem
just (3 Comp. Laws 1929, § 14144; Court Rule Nos. 17, § 6;
72 [1933]).

Appeal from Berrien; Evans (Fremont), J. Sub-
mitted October 15, 1941. (Docket No. 60, Calendar
No. 41,382.)  Decided February 11, 1942.

Assumpsit by Harold G. Meyers, doing business
under the firm name and style of Meyers Appliance
Company, against Jay-Bee Realty Corporation on
a promissory note.  From order striking affirmative
defense and recoupment plea from files, defendant
appeals.  Reversed and remanded.

*Harvey & Fisher* (*Wasson J. Wilson,* of counsel),
for plaintiff.

*Robinson & Lynch,* for defendant.

BUSHNELL, J.  This is an appeal from an order
granting plaintiff's motion to strike those portions
of defendant's answer, entitled, "affirmative de-
fense" and "recoupment."  Although not shown
in the printed record, the files of this court contain
plaintiff's motion to dismiss this appeal because of
defendant's failure to secure leave and the subse-
quent denial of that motion.

Plaintiff declared on a promissory note for
$3,243.20, dated 1939, claiming that the entire prin-
cipal was due and payable and that defendant had

not paid the note or the interest thereon. Although the declaration states that a copy of the note is attached as an exhibit, it is not included in the record. The note as set up in appellee's brief does not bear any date except the year mentioned, and concludes with the following statement:

"This note is secured by a chattel mortgage made by the maker in favor of the payee hereof dated . . . 193. . ."

Plaintiff also declared on the common counts claiming an indebtedness of $5,000.

Defendant in its answer admitted the execution of the note, alleged payment of $202.70 thereon, but denied that plaintiff was entitled to a judgment in any amount whatsoever. Plaintiff having also declared upon the common counts, defendant answered these with a general denial. Defendant then added to its answer an "affirmative defense" and a plea of "recoupment."

In the "affirmative defense," defendant averred that in October of 1939 plaintiff agreed to cancel and rescind a "certain chattel mortgage agreement between them," and "remove his air-conditioning equipment" from defendant's premises and install, before the reopening of defendant's hotel in the summer of 1940, proper equipment which would function to defendant's satisfaction; that defendant would be under no obligation to make any payment to plaintiff until 30 days after the new installation and approval thereof, all of which plaintiff failed to perform, and, therefore, defendant is entitled to a judgment of no cause of action.

Defendant's "affirmative defense" does not aver a connection between the claimed agreement to cancel and rescind "a certain chattel mortgage agreement" and the note sued upon. The transaction as

therein stated appeared to the trial judge to be wholly foreign to the subject matter of plaintiff's action and the "affirmative defense" was stricken as irrelevant and immaterial.

The plea of "recoupment" refers to a conditional sales contract made on June 9, 1939, wherein defendant agreed to purchase from plaintiff and Tonn & Blank Company, alleged agents of plaintiff, an air-conditioning system, described in this plea in detail, for which defendant agreed to pay $3,868.20 as follows: $625 as down payment and the balance of $3,243.20 in 16 monthly instalments of $202.70 each. The plea avers cancellation of the conditional sales agreement and the execution of a chattel mortgage covering the air-conditioning equipment; sets up the failure of the equipment to operate satisfactorily, and plaintiff's undertaking and efforts to remedy the defects.

Defendant asserts in this plea an implied warranty of fitness for a particular purpose, a breach thereof, and claims resulting damages of $10,000. Defendant also claims damages by way of recoupment in the sum of $827.70 for moneys paid plaintiff with interest thereon.

Defendant's plea of "recoupment" likewise fails to show any connection between the sale of the air conditioning system with an alleged warranty of fitness, and the note sued upon. Therefore, this plea as worded was also stricken as irrelevant and immaterial. This plea of recoupment is inconsistent with defendant's denial of plaintiff's right of action. Defendant cannot be heard to deny plaintiff's cause of action and at the same time claim a recoupment arising out of the transaction upon which plaintiff's suit is based. *Morehouse* v. *Baker,* 48 Mich. 335. However, plaintiff made no claim that defendant set up inconsistent defenses without pleading the same

in the alternative. See Court Rule No. 17, § 6 (1933), and *Robertson* v. *United Fuel & Supply Co.,* 218 Mich. 271.

The trial judge in a written opinion analyzed the answer and concluded that, in the absence of the instruments mentioned therein, and because of the inconsistent nature of defendant's claims, it could not be held the "recoupment" arose out of the same contract or transaction against which the recoupment was pleaded, and, therefore, the damages claimed could not be said to have arisen out of a breach of the transaction represented by the note.

If defendant can show that the note sued upon was given in consideration of plaintiff's sale of the air-conditioning system and that plaintiff warranted its fitness, then a plea of recoupment based upon a breach of that warranty would be proper in a suit brought on the note by plaintiff. Defendant must allege and prove that the sale, note and warranty all pertain to the same transaction. The fact that the note and chattel mortgage were substituted for the original conditional sales agreement does not of itself prevent recoupment as between these parties.

Defendant should be permitted, under 3 Comp. Laws 1929, § 14144 (Stat. Ann. § 27.838), to amend its answer, and the cause should be remanded for this purpose. In addition to the statute, see Court Rule No. 72 (1933); *Craig* v. *Wright,* 271 Mich. 166, 171; and *Blake* v. *American Trust Co.,* 293 Mich. 618, 622.

The order of the trial judge is vacated and the cause is remanded with leave to amend the answer in accordance with this opinion and within the discretion of the trial judge, upon such terms as he shall deem just. Costs to appellee.

CHANDLER, C. J., and STARR, BUTZEL, and SHARPE, JJ., concurred with BUSHNELL, J.

BOYLES, J. (*concurring*). I concur in that part of
Mr. Justice BUSHNELL's opinion remanding the
cause with leave to the defendant to amend the
answer. However, it should not be understood that
defendant cannot interpose affirmative defenses to
either or both of the counts in the declaration.

The first count declares upon a promissory note.
The suit is brought by the payee against the maker.
As between these parties, plaintiff is not a holder
in due course and the defendant may interpose af-
firmative defenses as if the suit were on a non-
negotiable instrument (2 Comp. Laws 1929, § 9307
[Stat. Ann. § 19.100]), including the defense of
either partial or total failure of consideration (2
Comp. Laws 1929, § 9277 [Stat. Ann. § 19.70]).

Under the second count, plaintiff declares on the
usual common counts for the value of goods sold
and delivered, work done and materials furnished
by plaintiff to defendant. Defendant denies lia-
bility and sets up as an affirmative defense that at
the time the note was signed plaintiff and defend-
ant entered into a written sales agreement for the
sale and purchase of certain air-conditioning ma-
chinery and other personal property; that plaintiff
breached the contract; and defendant asks for dam-
ages by way of recoupment as an affirmative de-
fense. Plaintiff's motion to strike the affirmative
defenses alleges as the reason that they do not re-
late to the *note* sued upon. This ignores defendant's
right to interpose equitable defenses to the note as
well as to interpose the defense of recoupment under
the second count by reason of implied warranty or
failure to perform.

It is evident that defendant's pleadings have been
ineptly prepared. However, plaintiff made no claim
either in this court or in the court below that defend-
ant had set up inconsistent defenses without plead-
ing the same in the alternative, as indicated in

Mr. Justice BUSHNELL's opinion. Had this question been raised, defendant would doubtless have had the right to amend.

The order granting the motion to strike the affirmative defenses should be set aside and the cause remanded with leave to amend in accordance with court rules. Under the circumstances, no costs should be allowed.

NORTH and WIEST, JJ., concurred with BOYLES, J.