LYFORD *v.* FOSTER.

1. PLEADING—INCONSISTENT ALLEGATIONS.

In pleading, inconsistent allegations are not fatal (Court Rule No. 17, § 6 [1945]).

2. SAME—INCONSISTENT DEFENSES—GENERAL DENIAL—RELEASE—PUBLIC RECORD.

In action by tenants of defendant's apartment for damages under the Federal emergency price control act wherein defendant's answer contained general denials of alleged overcharges and an affirmative defense based on an alleged release, of which the original was on file in a named defense rental area office and as such was a public record, order striking such defense from answer was not error where alleged release on file at such place was not a public record as defendant claimed (50 USCA, App. §§ 904 [c], 922 [h], 925 [e]).

3. SAME—SUFFICIENCY—AFFIRMATIVE DEFENSE—RELEASE—LOCATION—EXECUTION.

In action by tenants for damages for overcharges by landlord wherein latter interposed affirmative defense of release from such claim, the original of which release was claimed to be in the files of a named defense rental area office, such defense was insufficiently pleaded where the pleading failed to indicate the record or file in which the release could be found, to disclose when or by whom such release was executed, its substance, or that plaintiffs had knowledge of its contents (50 USCA, § 901 *et seq.*; Court Rule No. 17 [1945]).

4. SAME—LEAVE TO AMEND.

Under the modern liberal rule of amendments, the holding of a trial court or the Supreme Court striking an insufficient pleading should not bar the pleader from applying for leave to amend the pleading and if a proper amended pleading is presented to the trial court, the leave should be granted.

5. APPEAL AND ERROR—WRONG REASON ASSIGNED FOR RIGHT RESULT BY TRIAL JUDGE.

The assignment by the trial judge of a wrong reason in support of his ruling is not a ground for reversal if the ruling sought and granted was correct.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 21, 1945. (Docket No. 77, Calendar No. 42,997.) Decided January 7, 1946.

Action by C. H. Lyford and wife against J. B. Foster and Lisa Foster to recover overcharges of rent. Dismissed as to defendant J. B. Foster. From order striking affirmative defense from answer, defendant Lisa Foster appeals. Affirmed without prejudice.

*Charles H. Burnham,* for plaintiff.

*Cobb & Nielson,* for defendant.

BUSHNELL, J. Upon the application of defendant Lisa Foster, also known as Mrs. J. B. Foster, leave to appeal was allowed from an order of the circuit court, striking from defendants' answer a paragraph designated as an "affirmative defense."

Plaintiffs C. H. Lyford and Alice Lyford brought an action for damages under the provisions of the Federal emergency price control act of 1942, 56 Stat. at L. 23, as amended, 58 Stat. at L. 640 (50 USCA, § 901 *et seq.*). Section 205 (e) of this statute, 50 USCA, § 925 (e), provides in part:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the vio-

lation, except as hereinafter provided, bring an action against the seller on account of the overcharge. * * * For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be.''

Plaintiffs alleged they had leased an apartment in the city of Battle Creek from defendants J. B. Foster and Lisa Foster, and agreed to pay therefor the sum of $12 each week in advance. They charged that the Federal maximum rent regulation No. 49, which governed and controlled rental conditions in the counties of Calhoun and Kalamazoo, permitted a maximum rent for the premises leased of only $30 per month or $6.93 per week. They further charged that on May 12, 1944, and on at least 21 other occasions during plaintiffs' continued possession of the premises, defendants unlawfully demanded and received rent in excess of the maximum provided in the regulation. Defendant filed an answer containing general denials of the charges and set up in the answer an affirmative defense as follows:

''Further answering the said amended declaration, and by way of affirmative defense, defendant alleges that if there was any cause of action which plaintiffs ever had against this defendant which is herein specifically denied, defendant alleges that the same has been released by a good and sufficient release, duly executed and delivered, the original of which is not in the possession of defendant, and is in the records and files of the Battle Creek-Kalamazoo Defense Rental Area Office in the Central National Tower Building, Battle Creek, Michigan, and as such is a public record, copies of which are not required to be attached to a pleading.''

Plaintiffs moved to strike this defense from the answer on the ground that it was a sham, repugnant,

and contradictory to defendants' answer. They also denied that papers so filed are public records, and averred that the alleged release was not "described with sufficient particularity to enable plaintiffs to identify same."

Section 6, Court Rule No. 17 (1945), states that:

"Inconsistent causes of action or defenses are not objectionable, and when the party is in doubt as to which of the two or more statements of fact is true, he may allege them in the alternative."

This same section of the same rule appears in the court rules of 1931 and in the rules of 1933, as amended. It was taken from Circuit Court Rule No. 21, § 7, effective March 1, 1916. See Searl's Michigan Court Rules (2d Ed.), 1922, p. 144. That rule read as follows:

"Inconsistent causes of action or defenses are not objectionable, and when the party is in doubt as to which of two or more statements of fact is true, he may in separate counts or paragraphs allege or charge facts although the same may be inconsistent with other counts or paragraphs in the same pleading and will be entitled to such relief as the facts may warrant under either count or paragraph."

As said in *Petoskey* v. *Home Owners' Loan Corp.*, 300 Mich. 391, 394—

"In pleading, inconsistent allegations are not fatal. Court Rule No. 17, § 6 (1933). See 1 Searl, Michigan Pleading & Practice, § 137."

The rule was again referred to in *Meyers* v. *Jay-Bee Realty Corp.*, 300 Mich. 522, which cause was remanded for the purpose of permitting defendant to amend its answer where the circuit court had granted plaintiff's motion to strike a so-called affirmative defense from the answer.

The sole question on this appeal is the contention of defendant, Lisa J. Foster, that the circuit judge erred in granting the motion to strike.

One of the reasons assigned by plaintiff Alice Lyford, in support of the motion, is that defendant and appellant:

"Knowingly and falsely asserts in her notice of affirmative defense that the alleged release is in the records and files of the Battle Creek-Kalamazoo Defense Rental Area Office in Battle Creek, Michigan, and as such is a public record, whereas defendant knows or should well know that the records and files of said Rent Office, so-called, are not public records and further, and in any event the said alleged release is not described with sufficient particularity to enable plaintiffs to identify same."

The above-quoted reason was a proper ground for granting the motion to strike. This is true because the alleged release said to be "in the records and files of the Battle Creek-Kalamazoo Defense Rental Area Office" is not a public record. The emergency price control act, 50 USCA, App. § 904 (c) and § 922 (h), contains the following:

"(c) It shall be unlawful for any officer or employee of the government, or for any adviser or consultant to the administrator in his official capacity, to disclose, otherwise than in the course of official duty, any information obtained under this act. * * *

"(h) The administrator shall not publish or disclose any information obtained under this act that such administrator deems confidential or with reference to which a request for confidential treatment is made by the person furnishing such information, unless he determines that the withholding thereof is contrary to the interest of the national defense and security."

In any event, the affirmative defense is not sufficiently pleaded because the record or file in which such release may be found is in no way indicated by the pleading, nor does the pleading disclose when or by whom such release was executed. Such a meaningless pleading does not comply with the provisions of Court Rule No. 17 (1945). The noted pleading does not contain "sufficient particularity to identify" the release. The substance of the document is not set forth in the pleading, nor is it alleged that plaintiffs are possessed of knowledge of the contents of the claimed release. It follows that the order of the trial judge striking this inadequate pleading was proper; and, subject to the qualification hereinafter noted, the holding should be affirmed.

Under the modern liberal rule of amendments neither the holding of the trial judge nor the holding of this court should be construed to bar appellant's right to apply for leave to amend the pleading; and if a proper amended pleading is presented to the trial court the leave sought should be granted. See *Meyers* v. *Jay-Bee Realty Corp.*, 300 Mich. 522, and *Spelman* v. *Addison*, 300 Mich. 690, 702.

In arriving at the foregoing conclusion we are mindful and agree with appellant's contention that the reason assigned by the judge at the time he granted the motion to strike is not well founded in law. Nonetheless, the assignment by the trial judge of a wrong reason in support of his ruling is not a ground for reversal if, as in the instant case, the ruling sought and granted was correct. There are many holdings of this court in full accord with the following:

"Where the ruling of the trial court was correct, it will be sustained, on error, although his reasons for so ruling were erroneous." *Peck Iron & Steel Works* v. *Boomerscheim* (syllabus), 221 Mich. 171.

"A correct result reached by the trial court will be affirmed on error, even if a wrong reason therefor be given." *Eames* v. *Barber* (syllabus), 192 Mich. 1.

"If the right result was reached in the circuit court the judgment should be affirmed." *Gaincott* v. *Davis,* 281 Mich. 515.

The order of the trial court is affirmed but without prejudice to the right of appellants to amend the answer upon timely application. Costs of this court to appellees.

Butzel, C. J., and Sharpe, Boyles, Reid, North, and Starr, JJ., concurred. The late Justice Wiest took no part in the decision of this case.