## LADD *v*. REED.

1. CONTRACTS—COMBUSTION ENGINEERS—SALES—IMPLIED WARRANTY.
  A contract for services and material to be provided by plaintiff
  in his capacity as a combustion engineer and not for the sale
  of combustion equipment does not fall within provision of the
  uniform sales act raising an implied warranty of quality or
  fitness for a particular purpose (2 Comp. Laws 1929, § 9454).

2. SET-OFF AND RECOUPMENT—STATUTES—COMMON LAW.
  Recoupment is a statutory right, in derogation of the common
  law, and must be strictly construed (3 Comp. Laws 1929,
  § 14132 *et seq.*).

3. SAME—AFFIRMATIVE DEFENSE—PLEADING.
  Recoupment is an affirmative defense which must be properly
  pleaded and is applicable to claims arising out of the same
  contract or transaction (3 Comp. Laws 1929, § 14132 *et seq.*).

4. SAME—SPECIALLY-PLEADED WRITTEN CONTRACT—VARYING TERMS
  BY ORAL TESTIMONY—SEPARATE CONTRACT.
  Where, in order to support defendant's plea of recoupment, it
  would be necessary for him to present oral testimony at the
  trial to vary the terms of the specially pleaded contract, per-
  formance of which was admittedly completed, or establish a
  separate and distinct oral contract from the written ones upon
  which plaintiff brought his action, the plea of recoupment was
  properly dismissed on plaintiff's motion (3 Comp. Laws 1929,
  § 14132 *et seq.*).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 13, 1948. (Calendar No. 43,534.) Decided February 16, 1948.

Assumpsit by W. C. Ladd, doing business as W. C. Ladd Company, against R. M. Reed, doing business as Athens Box & Basket Company. Recoup-

ment by defendant against plaintiff. From order striking notice of recoupment, defendants appeal. Affirmed.

*Mitts & Smith,* for plaintiff.

*Cobb & Nielsen,* for defendant.

Bushnell, C. J. R. M. Reed, doing business as Athens Box & Basket Company, has appealed from an order granting plaintiff W. C. Ladd's motion to strike defendant Reed's "amended notice of plea of recoupment."

Ladd, a combustion engineer, doing business as W. C. Ladd Company at Grand Rapids, Michigan, sought recovery of a balance of $400 due him for work, labor, and materials furnished to defendant. On January 22, 1945, Reed addressed three letters to Ladd. In the first, plaintiff was authorized to furnish "all necessary labor for the completion and erection of stack and installing grates and other necessary equipment for the boiler" at defendant's plant at Athens, Michigan, for the sum of $625. Overtime work was to be paid for not to exceed $150, and the work was to be completed within 30 days. In the second letter, plaintiff was authorized "to install a new stack to be 60' by 26" in diameter to replace the present stack" for the sum of $500. In the third letter he was authorized "to furnish and install the necessary brick work and chute and grates to replace the Dutch oven for the sum of $500."

Defendant admitted in his answer to plaintiff's declaration that the work had been completed and that $1,375 had been paid Ladd, a large portion of it prior to the time that any of the work was commenced. This advance was to enable Ladd to

purchase the necessary equipment, materials and supplies.

It is admitted that the stack was satisfactorily installed. Defendant, however, in his answer denied there was any balance due plaintiff and claimed that Ladd was indebted to him because of plaintiff's "failure to satisfactorily complete said installations." Attached to Reed's answer is a "declaration in recoupment," in which he claims:

"That the said plaintiff did thereupon represent to the said defendant that he could install new grates, blower and other necessary equipment for the boiler, replacing the drying arrangement that was then in the plant and feed the refuse from the plant into the said boiler room under pressure, properly dried so that he could produce 150 h.p. from the said boiler; that to do this it would be necessary to install certain brick work and grates to replace the Dutch oven for the purpose of drying the refuse material for fuel."

It is further claimed that Ladd's delays resulted in damage to Reed because of loss of operating time, et cetera, amounting to more than $3,000, and that an expenditure of more than $1,000 was required in order to replace the unsatisfactory installations. To this Ladd filed an answer denying the averments of the plea of recoupment together with a notice of a motion to dismiss the same.

At the opening of the trial of the cause on May 3, 1946, plaintiff moved to dismiss defendant's plea of recoupment on the ground "that it was based on an alleged contract which was separate and distinct from the contract set up in plaintiff's pleadings."

After arguments on this motion plaintiff agreed to waive the common counts set up in his declaration and an order was entered in open court dismissing the plea of recoupment with leave to the defendant

to file an amended plea "based on the contract set up in plaintiff's pleadings."

An amended "notice of recoupment" was filed on June 19, 1946, practically identical in language to the former plea but with an added count 2, in which defendant stated an express warranty similar to that described in his original plea, but which was therein stated as a representation. Plaintiff moved to dismiss the amended "notice of recoupment" for the reason that it did not "contain any new or different matter than that contained in the previous notice," the propriety of which had already been adjudicated.

At the hearing on this motion, on June 29th, plaintiff again agreed to waive the common counts in his declaration, and on July 9th, the court entered an order striking the amended "notice of recoupment." In this order the trial judge said:

"The rule is well settled in this State, that a notice or plea of recoupment must be based upon the same contract or transaction upon which the suit is brought. The plaintiff, in the present case, declares upon a construction contract, based upon certain written orders signed by defendant. Defendant in his answer does not claim that the work was not performed according to the written orders or contract, but sets up a notice or plea of recoupment in which he claims that plaintiff represented or warranted that the finished job would produce certain results, which he contends that it does not do, and that there is a breach of warranty. However, there is no such warranty included in the written orders for said construction work, sued upon; and no warranty is implied as in the case of sales of merchandise under the uniform sales act."

The trial judge added:

"To allow defendant to set up a notice or plea of recoupment, based on said alleged warranty, is to

allow him to set up a separate and distinct contract from the one sued upon. There being no such warranty in the written orders, it will become necessary at the trial for defendant to present oral testimony to vary the terms of the original orders, to establish a separate and distinct contract from the one sued upon.''

The contracts were not for the sale of combustion equipment as argued by Reed, but were for services and material to be provided by Ladd in his capacity as a combustion engineer. Such contracts do not fall within the provisions of the uniform sales act (2 Comp. Laws 1929, § 9440 et seq. [Stat. Ann. § 19.-241 et seq.]), and therefore there was no implied warranty of quality or fitness for a particular purpose as provided in section 15 thereof. (2 Comp. Laws 1929, § 9454 [Stat. Ann. § 19.255]). See 111 A. L. R. 341 et seq.

Recoupment is a statutory right, in derogation of the common law, and must be strictly construed. *Bradley* v. *Thompson Smith's Sons,* 98 Mich. 449, 454 (23 L. R. A. 305, 39 Am. St. Rep. 565). See 3 Comp. Laws 1929, § 14132 et seq. (Stat. Ann. § 27.-826 et seq.). It is also an affirmative defense, which must be properly pleaded (*Lyons* v. *City of Grand Rapids,* 305 Mich. 309), and is applicable to claims arising out of the same contract or transaction (*Morehouse* v. *Baker,* 48 Mich. 335; *Meyers* v. *Jay-Bee Realty Corp.,* 300 Mich. 522). See, also, *Platt* v. *Brand,* 26 Mich. 173; *Mimnaugh* v. *Partlin,* 67 Mich. 391; and *Leslie* v. *Mollica,* 236 Mich. 610, 616 (49 A. L. R. 546).

As pointed out by the trial judge, in order to support Reed's plea of recoupment, it would be necessary for him to present oral testimony at the trial to vary the terms of the original written orders, or to establish a separate and distinct oral contract

from the written ones upon which plaintiff brought his action.

The second "notice of recoupment" presents a theory as to the contract relations between the parties which cannot be reconciled with the theory on which plaintiff's declaration is based and from which the common counts have been stricken. To permit recoupment under the circumstances of the instant case would do violence to the well-established rule stated in *Morehouse* v. *Baker,* and *Meyers* v. *Jay-Bee Realty Corp., supra.*

The order dismissing defendant's "amended notice or plea of recoupment" is affirmed, with costs to appellee.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.